CLOSED, JURY, TRANSFERRED, TYPE-B

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:04-cv-00349-ESH

DELANEY et al v. ELI LILLY AND COMPANY

Assigned to: Judge Ellen S. Huvelle
Demand: $2000000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 03/03/2004
Jury Demand: Plaintiff
Nature of Suit: 365 Personal Inj. Prod. Liability
Jurisdiction: Diversity

## Plaintiff

**JULIE DELANEY**

represented by **Aaron M. Levine**
AARON M. LEVINE & ASSOCIATES, P.A.
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: aaronlevinelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brandon J. Levine**
AARON M. LEVINE & ASSOCIATES
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: levbran@aol.com

*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Renee Lynne Robinson-Meyer**
AARON M. LEVINE &
ASSOCIATES
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email:
aaronlevinelaw@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Steven Jay Lewis**
AARON M. LEVINE &
ASSOCIATES
1320 19th Street, NW
Suite 500
Washington, DC 20036
(202) 833-8040
Fax: (202) 833-8046
Email: lewissj9@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Plaintiff**
**WILLIAM P. DELANEY**         represented by   **Aaron M. Levine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Brandon J. Levine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Renee Lynne Robinson-Meyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**Steven Jay Lewis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

V.

**Defendant**

**ELI LILLY AND COMPANY**

represented by **Lawrence Hedrick Martin**
FOLEY HOAG LLP
1875 K Street, NW
Washington, DC 20006
(202) 223-1200
Fax: (202) 785-6687
Email:
lmartin@foleyhoag.com
*LEAD ATTORNEY*
*ATTORNEY TO BE*
*NOTICED*

**James J. Dillon**
FOLEY HOAG, LLP

155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000
Fax: (617) 832-7000
Email:
jdillon@foleyhoag.com
*ATTORNEY TO BE*
*NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/03/2004 | 1 | NOTICE OF REMOVAL from Superior Court, case number 04-0704. ( Filing fee $ 150 )ELI LILLY and COMPANY (Attachments: # 1 Exhibit A)(jf, ) (Entered: 03/05/2004) |
| 03/03/2004 | 2 | LCvR 7.1 - CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by ELI LILLY AND COMPANY (jf, ) (Entered: 03/05/2004) |
| 03/03/2004 | 3 | ANSWER to Complaint by ELI LILLY AND COMPANY.(jf, ) (Entered: 03/05/2004) |
| 03/05/2004 | 4 | ORDER for Initial Scheduling Conference, set for 4/1/04, 9:45 a.m.. Signed by Judge Ellen S. Huvelle on 3/5/04. (BL, ) (Entered: 03/05/2004) |
| 03/05/2004 | 5 | NOTICE of Appearance by Aaron M. Levine on behalf of JULIE DELANEY, WILLIAM P. DELANEY (Levine, Aaron) (Entered: 03/05/2004) |
| 03/17/2004 | 6 | MEET AND CONFER STATEMENT. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Levine, Aaron) (Entered: 03/17/2004) |
| 03/24/2004 | | ORIGINAL FILE, certified copy of transfer order and docket sheet received from Superior Court of the District of Columbia: Case No. 04ca0704 (jf, ) (Entered: 03/25/2004) |

| 04/01/2004 | 7 | SCHEDULING ORDER: Discovery Closes by 10/29/2004. Status Conference set for 12/13/2004 09:45 AM in Courtroom 18 before Judge Ellen S. Huvelle.. Signed by Judge Ellen S. Huvelle on 4/1/04. (BL, ). (Entered: 04/01/2004) |
| 04/01/2004 | 8 | **ENTERED IN ERROR** ORDER of Referral. Signed by Judge Ellen S. Huvelle on 4/1/04. (BL, ) Modified on 4/1/2004 (BL, ). (Entered: 04/01/2004) |
| 04/01/2004 | 9 | ORDER OF REFERRAL. Signed by Judge Ellen S. Huvelle on 4/1/04. (BL, ) (Entered: 04/01/2004) |
| 04/01/2004 | | Minute Entry for proceedings held before Judge Ellen S. Huvelle : Meet and Confer Hearing held on 4/1/2004 before Judge Ellen Segal Huvelle. Discovery due by 10/29/2004. Status Conference set for 12/13/2004 09:45 AM in Courtroom 18 before Judge Ellen S. Huvelle. Case referred to Magistrate Judge Kay for settlement.(Court Reporter JoAnn Gallo, Miller Reporting.) (gdf) (Entered: 04/01/2004) |
| 04/01/2004 | | CASE REFERRED to Magistrate Judge Alan Kay for settlement. (cp, ) (Entered: 04/12/2004) |
| 05/18/2004 | 10 | ORDER setting mediation for Tuesday, November 9, 2004, at 10 am, in chambers -room 1130. Signed by Magistrate Judge Alan Kay on 05/18/04. (DM) (Entered: 05/18/2004) |
| 05/21/2004 | 11 | ENTERED IN ERROR.....AFFIDAVIT *OF SERVICE* by JULIE DELANEY, WILLIAM P. DELANEY. (Attachments: # 1 Appendix Postal Certification) (Levine, Aaron) Modified on 5/24/2004 (bcs, ). (Entered: 05/21/2004) |
| 05/24/2004 | | "NOTICE OF CORRECTED DOCKET ENTRY. Document No. 11 was entered in error and counsel is instructed to re-file the affidavit of service as a return of service." (bcs, ) (Entered: 05/24/2004) |
| | | |

| 05/25/2004 | 12 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ELI LILLY AND COMPANY served on 2/12/2004, answer due 3/3/2004 (Attachments: # 1 Appendix postal certification)(Levine, Aaron) (Entered: 05/25/2004) |
| 10/25/2004 | 13 | Consent MOTION for Extension of Time to Complete Discovery *and Extension of Case Schedule* by ELI LILLY AND COMPANY. (Attachments: # 1 Text of Proposed Order)(Dillon, James) (Entered: 10/25/2004) |
| 10/25/2004 | | Minute ORDER granting 13 Motion for Extension of Time to Complete Discovery to 12/29/04. The status conference presently set for 12/13/04 is reset for 2/17/05 at 9:30 a.m. Signed by Judge Ellen S. Huvelle on 10/25/04. (BL, ) (Entered: 10/25/2004) |
| 10/25/2004 | | Set Deadlines/Hearings: Discovery due by 12/29/2004. Status Conference reset for 2/17/2005 09:30 AM in Courtroom 18 before Judge Ellen S. Huvelle. (gdf) (Entered: 10/26/2004) |
| 10/29/2004 | 14 | ORDER setting mediation for January 7, 2005, at 10:00 am, in chambers - room 1130. Signed by Magistrate Judge Alan Kay on 10/29/04. (DM) (Entered: 10/29/2004) |
| 12/07/2004 | 15 | Consent MOTION to Transfer Case *to the United States District Court for the District of Massachusetts* by ELI LILLY AND COMPANY. (Attachments: # 1 Proposed Order to Transfer Case to the United States District Court for the District of Massachusetts) (Dillon, James) (Entered: 12/07/2004) |
| 12/07/2004 | 16 | MOTION to Withdraw 15 Consent MOTION to Transfer Case *to the United States District Court for the District of Massachusetts* by ELI LILLY AND COMPANY. (Dillon, James) (Entered: 12/07/2004) |
| 12/07/2004 | 17 | Consent MOTION to Transfer Case *to the United States District Court for the District of Massachusetts* |

| | | |
|---|---|---|
| | | *(Corrected)* by ELI LILLY AND COMPANY. (Attachments: # 1 Proposed Order)(Dillon, James) (Entered: 12/07/2004) |
| 12/08/2004 | | Minute ORDER granting 16 Motion to Withdraw, granting Motion to Transfer Case 17 . Signed by Judge Ellen S. Huvelle on 12/8/04. (BL, ) (Entered: 12/08/2004) |
| 02/04/2005 | | Case transferred out to the USDC for the District of Massachusetts pursuant to Court's order filed on 12/08/04; sent to court electronically. (jf, ) (Entered: 02/04/2005) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/07/2005 12:49:11 | | | |
| **PACER Login:** | us2510 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:04-cv-00349-ESH |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY and
WILLIAM P. DELANEY
118 Walnut Street
Middleboro, MA  02346

               Plaintiffs,

           v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
   w/s/o NATIONAL REGISTERED AGENTS, INC.
   1090 Vermont Avenue, N.W., Suite 910
   Washington, DC  20005

               Defendant.

CIVIL ACTION No.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, defendant Eli Lilly and Company ("Lilly") files this Notice of Removal and states:

1.      Lilly is the defendant in an action commenced against it by the plaintiffs, Julie Delaney and William P. Delaney, pending in Superior Court for the District of Columbia, captioned <u>Julie Delaney and William P. Delaney v. Eli Lilly and Company</u>, Civil Action No. 04-0000704 (the "Superior Court action").  True copies of all process, pleadings and orders served on Lilly in the state action are attached hereto as Exhibit A and specifically incorporated herein.

2.      In their Complaint, Plaintiffs Julie Delaney and William P. Delaney allege that they are residents of Middleboro, MA.  Defendant Lilly is a corporation organized under the laws of the State of Indiana with a principal place of business in Indianapolis, Indiana.  There is, therefore, complete diversity of citizenship.

3.      The Plaintiff claims damages in excess of $75,000.  Accordingly, the matter in controversy in the state action exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      Lilly was served with a summons and a copy of plaintiff's Complaint and Demand for Jury Trial on February 12, 2004.  Consequently, this notice is timely under 28 U.S.C. §1446(b).

5.      This action is one of which this Court has jurisdiction pursuant to 28 U.S.C. §1332 and that may be removed to this Court by Lilly.

ELI LILLY AND COMPANY
By its attorneys:


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar #476639
FOLEY HOAG LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000


Dated: March 3, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence H. Martin certify that a true copy of the foregoing Notice of Removal was served on March 3, 2004, by U.S. First Class Mail, postage prepaid to:

Aaron M. Levine, Esq.
Aaron M. Levine and Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036
**Attorney for Plaintiff**


/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY and
WILLIAM P. DELANEY
118 Walnut Street
Middleboro, MA 02346

          Plaintiffs,

      v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
  w/s/o NATIONAL REGISTERED AGENTS, INC.
  1090 Vermont Avenue, N.W., Suite 910
  Washington, DC 20005

         Defendant.

CIVIL ACTION No.
JUDGE:

## CERTIFICATE UNDER LCvR 7.1

I, the undersigned, counsel of record for Defendant Eli Lilly and Company, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries, or affiliates of Eli Lilly and Company which have any outstanding securities in the hands of the public.

**Lilly Del Mar, Inc., a British Virgin Islands Corporation**

These representations are made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

ELI LILLY AND COMPANY


/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar No. 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: March 3, 2004

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence H. Martin certify that a true copy of the foregoing Certificate Under LCvR 7.1 was served on March 3, 2004 by U.S. First Class Mail, postage prepaid to:

Aaron M. Levine, Esq.
Aaron M. Levine and Associates, P.A.
1320 19th Street, NW, Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

/s/ Lawrence H. Martin
Lawrence H. Martin

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY and
WILLIAM P. DELANEY
118 Walnut Street
Middleboro, MA  02346

                Plaintiffs,

        v.

ELI LILLY AND COMPANY,
Lilly Corporation Center
Indianapolis, IN 46285
   w/s/o NATIONAL REGISTERED AGENTS, INC.
   1090 Vermont Avenue, N.W., Suite 910
   Washington, DC  20005

                Defendant.

CIVIL ACTION No.

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO THE COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the

Complaint filed in this action as follows:

### FIRST DEFENSE

Answers to each paragraph of the Complaint by Lilly are made without waiving, but

expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed

to the allegations of the Complaint.

1.   Whether jurisdiction exists in this court pursuant to 11 D.C. Code § 921 is a legal

question to which no response is required.  To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2.   Lilly states that it did sell and distribute diethylstilbestrol in the District of Columbia.

Lilly responds that the term "DES" includes many drug products including but not limited to

diethylstilbestrol, and any admissions in this Answer are intended to refer only to

diethylstilbestrol as it relates to Lilly. Lilly also states that it is doing business in the District of Columbia, that the U.S. Food and Drug Administration ("FDA") is headquartered in the District of Columbia, and that the FDA approved Lilly's sales of diethylstilbestrol and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

### COUNT I
### (Negligence)

3.   Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 3. Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 3 of the Complaint.

4.   Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.   Lilly denies the allegations contained in Paragraph 5 of the Complaint.

### COUNT II
### (Strict Liability)

6.   Lilly repeats and realleges its answers contained in Paragraphs 1 through 5 above.

7.   Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8.   In response to the allegations contained in Paragraph 8, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Except as already stated, Lilly denies the allegations of Paragraph 8 of the Complaint.

9.   Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

## COUNT III
### (Breach of Warranty)

14. Lilly repeats and realleges its answers contained in Paragraphs 1 through 13 above.

15. Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

17. Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

## COUNT IV
### (Misrepresentation)

19. Lilly repeats and realleges its answers contained in Paragraphs 1 through 18 above.

20. Lilly denies the allegations contained in Paragraph 20 as stated, but admits that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for treatment of certain accidents of pregnancy as referenced in its product literature.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint..

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT V
### (Punitive Damages)

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

## COUNT VI
### (Consortium Claim-William P. Delaney)

25. Lilly repeats and realleges its answers contained in Paragraphs 1 through 24 above.

26. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.  To the extent a response is required, Lilly denies the allegations contained in Paragraph 26 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

## THIRD DEFENSE

The Plaintiffs' Claims are barred by the applicable statute of limitations or laches.

## FOURTH DEFENSE

If Plaintiffs' sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs' were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

**FIFTH DEFENSE**

If Plaintiffs' sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

**SIXTH DEFENSE**

This court lacks personal jurisdiction over defendant.

**SEVENTH DEFENSE**

Venue is improper in this judicial district.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred and preempted by Eli Lilly and Company's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ Lawrence H. Martin
Lawrence H. Martin, D.C. Bar # 476639
Foley Hoag LLP
1875 K Street, NW, Suite 800
Washington, D.C. 20006-1238
(202) 223-1200

and

James J. Dillon
Foley Hoag LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2600
(617) 832-1000

Dated: March 3, 2004

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2004, a true copy of Defendant Eli Lilly's Answer To The Complaint was served by U.S. First Class Mail, postage prepaid, upon:

Aaron M. Levine, Esq.
Aaron M. Levine & Associates, P.A.
1320 Nineteenth Street, N.W., Suite 500
Washington, DC 20036
**Attorney for Plaintiff**

/s/ Lawrence H. Martin
Lawrence H. Martin

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JULIE DELANEY**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Civil Action No.  04-0349** |
| | : | **(ESH)** |
| **ELI LILLY AND COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER FOR INITIAL SCHEDULING CONFERENCE

The above captioned case has been assigned to this Judge for resolution.  The Initial Scheduling Conference is set for April 1, 2004, at 9:45 a.m.  Counsel who attend must be sufficiently familiar with the case to answer any questions which arise; parties are welcome and are encouraged to attend.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2000, and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel shall confer at least 21 days prior to the above date and submit their Report addressing all topics listed in LCvR 16.3(c) no later than 14 days following their meeting. Counsel are also directed to either include in their Report or in a supplemental pleading to be filed no later than 72 hours prior to the Initial Scheduling Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR 16.3(c), as amended December 1, 2000, and attached hereto as Appendix I.  In considering what form of alternative dispute resolution the parties think the case most suited to, counsel are reminded that among their options are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of their case.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties.  Motions for a continuance or other scheduling change must be filed three business days prior to the hearing and must include alternative dates that have been agreed to by all parties.  Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter.  Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Gwen Franklin (202/354-3145), or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

2

In an emergency, however, chambers can be reached at 202/354-3230.

_____s/_____<br>
ELLEN SEGAL HUVELLE<br>
U.S. District Judge

Date: March 4, 2004

APPENDIX I

**Rule 16.3**
**<u>DUTY TO CONFER</u>**

(c) **MATTERS TO BE DISCUSSED BY THE PARTIES.**

At the conference required by this Rule, the parties shall discuss the following matters:

\* \* \*

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

4

(iv)   whether the parties would benefit from a
       neutral evaluation of their case, which could
       include suggestions regarding the focus of
       discovery, the legal merits of the claim, an
       assessment of damages and/or the potential
       settlement value of the case; and

(v)    whether cost savings or any other practical
       advantage would flow from a stay of discovery
       or of other pre-trial proceedings while an ADR
       process is pending.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE DELANEY, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| v. | ] | Civil Action No. 04-0349 (ESH) |
| | ] | Next Event: Initial Scheduling Conference |
| ELI LILLY AND COMPANY, | ] | on April 1, 2004, at 9:45 a.m. |
| | ] | |
| Defendant. | ] | |

### NOTICE OF APPEARANCE

TO THE CLERK OF THE COURT AND ALL PARTIES OF RECORD:

Pursuant to LCvR 83.6, please enter the appearance of Aaron M. Levine, Brandon J. Levine, Renee L. Robinson-Meyer, and Steven J. Lewis of AARON M. LEVINE & ASSOCIATES as counsel for plaintiffs JULIE DELANEY and WILLIAM DELANEY in the above-referenced matter.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 19th Street, N.W., Suite 500
Washington, DC  20036
202-833-8040

 /s/ Brandon J. Levine
BRANDON J. LEVINE, #412130

 /s/ Renee L. Robinson-Meyer
RENEE L. ROBINSON-MEYER, #455375

 /s/ Steven J. Lewis
STEVEN J. LEWIS, #472564

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JULIE DELANEY, et al., | ] | |
| | ] | |
| Plaintiffs, | ] | |
| | ] | |
| v. | ] | Civil Action No.: 04-cv-0349 (ESH) |
| | ] | Next Event: Scheduling Conference on |
| ELI LILLY AND COMPANY, | ] | April 1, 2004, at 9:45 a.m. |
| | ] | |
| Defendant. | ] | |

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendant conferred up to and including March 16, 2004, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet engaged in any discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun, there may then be a need to join other parties or to amend the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any substantial discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Alan Kay for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file motions for summary judgement or motions to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) initial disclosures. The parties also agree that if plaintiffs request an extension of time to respond

to defendant's discovery requests, plaintiffs shall at least produce the following by the original deadline for responding to the discovery requests: (a) all medical records in their possession (or the possession of their attorneys); (b) authorizations to obtain medical records; (c) the identity and address of all known medical providers who have treated plaintiff Julie Delaney and/or her mother; (d) the identity and address of the pharmacy, physician and/or hospital dispensing the DES at issue in this lawsuit; and (e) all documents and/or tangible objects in the possession of plaintiffs and/or their attorneys regarding the identity of the manufacturer of the DES at issue in this lawsuit.

Defendant agrees that, within a week of the time that defendant obtains any medical records (other than medical records received directly from plaintiffs), defendant shall send a copy of all such medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES: The parties agree that, pursuant to Fed. Rule 33, each party is limited to 25 interrogatories. The parties agree that the number of non-expert deposition should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the depositions of Plaintiffs Julie Delaney and William Delaney, any former husband of Julie Delaney, her mother, and her father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

June 30, 2004:        Deadline for serving discovery requests.

July 30, 2004:        Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

August 30, 2004:       Deadline for defendant to designate experts and provide expert reports, pursuant to Rule 26(a)(2).

October 29, 2004:      All Discovery Closed. The parties agree that experts may be deposed until the closed of discovery.

November 29, 2004:   Deadline for filing Dispositive Motions.

January 2005:        Pre-Trial Conference.

The parties' Proposed Scheduling Order attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

-4-

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in January 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

        A.      Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff Julie Delaney's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold, promoted and distributed by the Defendant in 1969-1970 to Ms. Delaney's mother for the purpose of preventing miscarriage.

Plaintiff Julie Delaney claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations, with resultant miscarriages, ectopic (tubal) pregnancy, and infertility, with concomitant medical and surgical expenses, and medical expenses for care and treatment, and that the Defendant is liable for said

injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff William Delaney claims for loss of consortium.

B.     Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the Plaintiffs

under any of the Plaintiffs' causes of action. While discovery has not yet commenced, Lilly believes

that the Plaintiffs will be unable to come forward with evidence sufficient to meet their burden of

persuasion that Plaintiff Julie Delaney was exposed in utero to DES in the first place, that any such

DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the

Plaintiffs complain, and that Lilly breached any duties owed to the Plaintiffs, breached any

warranties, or made any material misrepresentations. Lilly has also asserted several affirmative

defenses, including that the Plaintiffs' claims may be barred by the applicable statute of limitations

or laches, and by the learned intermediary doctrine.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

A.     Plaintiffs':

The statutory basis for the Plaintiffs' causes of action is 28 U.S.C. §1332(a) (diversity).

B.     Defendant's:

Affirmative defenses asserted by the Defendant with a statutory basis are that the Plaintiffs'

claims may be barred by the statute of limitations and that the Plaintiffs' claims may be barred and

preempted by the Federal Food, Drug, and Cosmetic Act.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES     FOLEY HOAG LLP


 /s/ Aaron M. Levine              /s/ Lawrence H. Martin (by permission-rm)
AARON M. LEVINE, #7864          LAWRENCE H. MARTIN, #476639
1320 19th Street, N.W.            1747 Pennsylvania Avenue, N.W.
Suite 500                          Suite 1200
Washington, DC 20036           Washington, DC   20006
202/833-8040                    202-223-1200

Counsel for Plaintiffs            and

James J. Dillon, P.C.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
617/832-1000

Counsel for Defendant Eli Lilly and
Company


Dated: March 16, 2004.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JULIE DELANEY,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Civil Action No. 04-0349** |
| | : | **(ESH)** |
| **ELI LILLY AND COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### SCHEDULING ORDER

The parties appeared before the Court on April 1, 2004 for an initial scheduling

conference. Based on the Joint Rule 16.3 Report to the Court and the representations of counsel,

it is hereby **ORDERED** that

      1.    Discovery shall be completed by October 29, 2004. Counsel must resolve

all discovery disputes or bring them to the Court's attention in a timely manner so as to allow

sufficient time for the completion of discovery by this date.

      2.    The date by which any other parties shall be joined or the pleadings

amended is _____.

      3.    Discovery material shall not be filed with the Court except as provided for

in LCvR 5.2(a) and Fed. R. Civ. P. 5(d), as amended effective December 1, 2000.

      4.    Each party is limited to a maximum of 25 interrogatories to any other

party. Responses to all interrogatories are due 30 days after service. See Fed. R. Civ. P. 33(a).

      5.    Each party is limited to a maximum of 20 requests for admission to any

other party. Responses to all requests for admission are due 30 days after service.

6.      Each side is limited to a maximum of 10 depositions, including experts and no deposition shall exceed 7 hours unless both parties agree or by order of the Court.  Rule 30(d), Fed. R. Civ. P., as amended effective December 1, 2000, and LCvR 26.2(c).

7.      The parties have agreed to dispense with Rule 26(a)(1) initial disclosures.

8.      Reports pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., by plaintiff's retained experts are due by July 30, 2004.

9.      Reports pursuant to Rule 26(a)(2)(B), Fed. R. Civ. P., by defendant's retained experts are due by August 30, 2004.

10.     Dispositive motions shall be filed by _____; oppositions by _____; and replies, if any, by _____.  A motion for extension of time to file a motion, opposition or reply will be denied except upon a showing of good cause.

11.     A hearing on dispositive motions is scheduled for _____, at _____ a.m.

12.     A further status conference is scheduled for December 13, 2004, at 9:45 a.m.  Counsel are to come to that conference prepared to discuss the status of discovery, their respective settlement positions, and their theories of any then-contemplated dispositive motions. Counsel must bring full settlement authority to the status conference.  If settlement is not reached, a pretrial conference and trial date will be selected.  Counsel should be prepared to advise the Court of the expected length of trial and of the number of fact and expert witnesses. Trial counsel must appear at all hearings unless excused by the Court in advance of the hearing date.

13.     This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court.  Fed. R. Civ. P. Rule 16(b); LCvR 16.4(b).  See Olgyay v. Society for Environmental Graphic Design, Inc., 169 F.R.D. 219, 219-20 (D.D.C. 1996).

14.     Counsel are required to confer in good faith in an effort to resolve all discovery disputes before bringing the dispute to the Court.  If counsel are unable to resolve the discovery dispute, counsel shall arrange a telephone conference with the Court by contacting Chambers.  Counsel shall not file discovery motions without a prior conference with the Court and opposing counsel.

15.     Counsel are expected to evaluate their respective cases for settlement purposes.  Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a magistrate judge.  If the case settles in whole or in part, plaintiff's counsel shall advise the Court by promptly filing a stipulation.

**SO ORDERED.**


_____s/_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:  April 1, 2004

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JULIE DELANEY,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **Civil Action No.  04-0349** |
| | : | **(ESH)** |
| **ELI LILLY AND COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

**ORDER OF REFERRAL**

Based upon the status hearing this date, it is hereby

**ORDERED** this matter is referred to Magistrate Judge Alan Kay  for settlement

discussions to begin on or about October 29, 2004.  On any filing related to settlement

discussions, the parties shall place the initials of Judge Ellen Segal Huvelle and the initials of

Judge John Kay  following the case number in the caption.  On any other filings in this case, the

parties shall only place the initials of Judge Ellen Segal Huvelle after the case number.  The

parties are to jointly contact the Magistrate Judge in order to schedule the conference.

**SO ORDERED.**

DATE:  April 1, 2004                               _____s/_____
                                                                ELLEN SEGAL HUVELLE
                                                                United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**JULIE DELANEY,** *et al.*,                    :
                                                :
                        **Plaintiffs,**         :
                                                :
            v.                                  :        **Civil Action No. 04-0349**
                                                :                    **(ESH)**
**ELI LILLY AND COMPANY,**                      :
                                                :
                        **Defendant.**          :
_____:

### ORDER OF REFERRAL

Based upon the status hearing this date, it is hereby

**ORDERED** this matter is referred to Magistrate Judge Alan Kay for settlement

discussions to begin on or about October 29, 2004. On any filing related to settlement

discussions, the parties shall place the initials of Judge Ellen Segal Huvelle and the initials of

Judge Alan Kay following the case number in the caption. On any other filings in this case, the

parties shall only place the initials of Judge Ellen Segal Huvelle after the case number. The

parties are to jointly contact the Magistrate Judge in order to schedule the conference.

**SO ORDERED.**


DATE: April 1, 2004                    _____s/_____
                                       ELLEN SEGAL HUVELLE
                                       United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY, *et al.*,

      Plaintiffs,

        v.

ELI LILLY AND COMPANY,

      Defendant.

Civil Action
No.04-0349(ESH)(AK)

**ORDER**

    The above-captioned case was referred to the undersigned by the Honorable Ellen S. Huvelle for the purpose of facilitating a settlement. Accordingly, it is by the Court this 18th day of May, 2004, hereby

**ORDERED:**

1.    The lead attorney(s) for the parties shall appear before the undersigned, in room 1130 (chambers) on Tuesday, November 9, 2004, at 10:00 a.m. The parties shall either attend the settlement conference or be available by telephone.

2.    The parties may submit confidential settlement statements in advance of the mediation but such

1

statements are Not Required, and in most cases, they are unnecessary.

3.    If any attorney or party is unavailable on the date and at the time set forth above, the attorney shall notify the other attorney(s) in the case as soon as possible to arrange a telephone conference call with chambers to select an alternative date and time.

3.    Telephone conference calls to chambers (202/354-3030) shall be placed only between 3:00 and 5:00 p.m., Monday through Friday.

4.    If the settlement conference must be rescheduled, the undersigned will require the attorney with the scheduling conflict to confirm the new date and time in a letter to the other attorneys and the Court.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Civil Division**

| | |
|---|---|
| **JULIE DELANEY, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| **v.** ] | **Civil Action No.: 04-0349 (ESH)** |
| ] | |
| **ELI LILLY AND COMPANY,** ] | |
| ] | |
| **Defendant.** ] | |

**<u>AFFIDAVIT OF SERVICE</u>**

I, BRANDON J. LEVINE, being duly sworn deposes and states:

1.      That I am attorney of record for the Plaintiffs, Julie Delaney and William Delaney, in the above cause.

2.      That on February 10, 2004, I personally caused to be mailed, certified mail, return receipt requested, the Complaint, Summons, and Initial Order to Eli Lilly and Company, Defendant in this action.

3.      That on February 12, 2004, said Complaint, Summons, and Initial Order, was served on the Defendant, as shown by the return receipt, attached hereto.

I declare under the penalty of perjury that the foregoing is true and correct.

AARON M. LEVINE & ASSOCIATES

  /s/ Brandon J. Levine
BRANDON J. LEVINE #412130
1320 19th Street, N.W. Suite 500
Washington, D.C. 20036
202/833 – 8040

Counsel for Plaintiff



SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY
A. Signature
X

1. Article Addressed to:

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
c/o NATIONAL REGISTERED AGENTS INC.
1090 Vermont Avenue, N.W. #910
Washington, DC 20005

2. Article Number
   (Transfer from service label)

7003 2260 0000 9626 4348

PS Form 3811, August 2001



UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •

Jackie Riggs
Aaron M. Levine & Associates
1320 19th Street, N.W. Suite
Washington, DC 20036

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JULIE DELANEY, et al.,       ) | |
|       ) | |
| Plaintiffs,       ) | |
|       ) | |
| vs.       ) | Civil Action No. 04-00349 (ESH / AK) |
|       ) | |
| ELI LILLY AND COMPANY,       ) | |
|       ) | |
| Defendant.       ) | |
|       ) | |

## CONSENT MOTION TO AMEND SCHEDULING ORDER

Defendant Eli Lilly and Company ("Lilly"), **with the consent of Plaintiff's counsel**, hereby moves the Court to amend the current Scheduling Order. As grounds for this Motion, Lilly states:

1.     Discovery has been proceeding and currently is scheduled to end on October 29, 2004. The parties have exchanged written discovery. Depositions of fact witnesses are scheduled for December 1, 2004.

2.     The parties also are engaging in expert discovery and will schedule the depositions of expert witnesses to occur after the fact depositions.

3.     To accommodate the remaining fact and expert discovery, the parties seek a sixty day extension of the case schedule. There have been no previous extensions of the schedule in this case.

4.     This is one of many DES cases pending in United States District Courts in the Districts of Massachusetts or the District of Columbia. Defense counsel and Plaintiff's counsel

in these cases are working together to complete discovery as quickly as possible and to prepare these cases for settlement and/or trial.

     5.     Despite these efforts, counsel anticipate they will be unable to complete all necessary discovery in this case and respectfully request the following amendments to the Scheduling Order:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Close of Discovery | October 29, 2004 | December 29, 2004 |
| Settlement Conference | November 9, 2004 | On or about January 10, 2005, subject to the availability of Magistrate Alan Kay |
| Status Conference | December 13, 2004 | On or about February 14, 2005 |

Respectfully submitted,

/s/ James J. Dillon
James J. Dillon
Foley Hoag LLP
155 Seaport Boulevard
Seaport World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Counsel for Defendant
ELI LILLY AND COMPANY

Dated:  October 25, 2004

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(m)**

Counsel for Lilly has conferred with counsel for Plaintiff pursuant to Local Rule 7.1(m).

Counsel for Plaintiff consent to this motion.

/s/ James J. Dillon
James J. Dillon

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY,

        Plaintiff,

            v.

ELI LILLY AND COMPANY,

        Defendant.

Civil Action
No.04-349 (ESH)(AK)

**ORDER**

    The above-captioned case was referred to the undersigned by the Honorable Ellen Segal Huvelle for the purpose of facilitating a settlement. Accordingly, it is by the Court this 27th day of October, 2004, hereby

**ORDERED:**

1.  The lead attorney(s) for the parties shall appear before the undersigned, in room 1130 (chambers)on January 7, 2005, at 10:00 a.m. The settlement conference set for November 9, 2004 is cancelled. The parties shall either attend the settlement conference or be available by telephone.

2.  The parties may submit confidential settlement statements in advance of the mediation but such

1

statements are Not Required, and in most cases, they are unnecessary.

3.    If any attorney or party is unavailable on the date and at the time set forth above, the attorney shall notify the other attorney(s) in the case as soon as possible to arrange a telephone conference call with chambers to select an alternative date and time.

3.    Telephone conference calls to chambers (202/354-3030) shall be placed only between 3:00 and 5:00 p.m., Monday through Friday.

4.    If the settlement conference must be rescheduled, the undersigned will require the attorney with the scheduling conflict to confirm the new date and time in a letter to the other attorneys and the Court.

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>JULIE DELANEY, et al.,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiffs,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>vs.</td><td>)</td><td>Civil Action No. 04-00349 (ESH / AK)</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>ELI LILLY AND COMPANY,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

**CONSENT MOTION TO TRANSFER ACTION
TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Plaintiffs Julie Lee Delaney and William Paul Delaney ("Plaintiffs") consent to the allowance of this motion.

Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, this action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiffs' claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the District Court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that all potential fact witnesses and sources of proof are located in or

within the subpoena power of the District of Massachusetts.[1]  In particular, Plaintiff Julie Lee

Delaney ("Plaintiff" or "Ms. Delaney") and her husband, Plaintiff William Paul Delaney, reside

in Middleboro, MA, in the District of Massachusetts; Ms. Delaney's parents, Barbara Ann

O'Leary and Leo Francis O'Leary, reside in East Dennis, MA, in the District of Massachusetts;

Ms. Delaney alleges *in utero* exposure to a DES product in the District of Massachusetts; Ms.

Delaney was born in the District of Massachusetts; the product at issue in this case was allegedly

dispensed from a pharmacy in Hingham, MA, in the District of Massachusetts; Quincy

OB/GYN, the facility where Ms. Delaney's mother's prescribing and treating physicians

practiced medicine during her pregnancy with Plaintiff, was located in Quincy, MA, in the

District of Massachusetts; all of the doctors who treated Ms. Delaney's claimed injuries practice

in the District of Massachusetts -- Dr. Rafik Mansour practices at Boston Health Care for

Women (Boston, MA);  Dr. Rachel Ashby and Dr. Daniel Schust practice at the Department of

Obstetrics and Gynecology, Division of Reproductive Medicine at Brigham & Women's

Hospital (Boston, MA);  Dr. Deborah Wooten practices in Norwell, MA; and Dr. Darlyne

Johnson and Dr. Martha Ehrmann practice at South Shore Women's Health (Weymouth, MA);

and Plaintiff's expert witness, Dr. Elena Yanushpolsky, practices at the Department of Obstetrics

and Gynecology, Division of Reproductive Medicine and Brigham & Women's Hospital

(Boston, MA), located in the District of Massachusetts.

This action "might have been brought" originally in the District of Massachusetts.

28 U.S.C. § 1404(a).  First, the District of Massachusetts has subject matter jurisdiction over this

---

[1] Pursuant to Fed. R. Civ. P. 45(b).  Rule 45(b) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ."

action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2]  Lilly is incorporated and has its principal place of business in Indiana.  Plaintiffs reside in and are presumably domiciled in Massachusetts.  Second, Massachusetts's long-arm statute, Mass. Gen. Laws ch. 223A, §3, reaches torts the consequences of which occur within the state.  Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction.  Third, venue is proper in the District of Massachusetts because Ms. Delaney's injuries that were allegedly caused by DES were diagnosed and treated in the District of Massachusetts.  *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice dictate that this action be transferred to the District of Massachusetts.  The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

These factors point toward the District of Massachusetts and away from the District of Columbia.  First, the District of Massachusetts has far more experience than the District of Columbia in interpreting and applying Massachusetts tort law.  "The interests of justice...are best served by having a case decided by the federal court in the state whose laws govern the interests

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiffs cannot recover more than $75,000.  However, Lilly does not concede that the value of Plaintiffs' claims in fact exceed that minimum requirement.

at stake." *Trout Unlimited*, 944 F. Supp. at 19, *quoted in Thompson*, slip op. at 5.  Second,

Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts

citizens are tried fairly and efficiently.  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737

(D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most

significant relationship" to the dispute).  Next, it is inequitable to saddle the District of Columbia

and its resources with the burden of disposing of a case that has no connection whatsoever with

that forum:  no witnesses reside here, Ms. Delaney's alleged exposure to DES did not occur here,

and none of Plaintiff's injuries were diagnosed or treated in this District.  Finally, the relative

docket congestion between the District of Massachusetts and this Court favors transfer neither

district.[3]  Because this case has no connection to this District and because Plaintiffs consent to

transfer, it is equitable to transfer this case out of the District of Columbia and to the United

States District Court for the District of Massachusetts.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully request that this Court

grant their consented-to motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

/s/ James J. Dillon
James J. Dillon  (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company

---

[3] *See* Federal Court Management Statistics, Administrative Office of the United States (2003)
<http://www.uscourts.gov/cgi-bin/cmsd2003.pl >

and

Lawrence H. Martin  (DC Bar #476639)
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006
(202) 223-1200
Attorney for Defendant
Eli Lilly and Company

Dated:  December 7, 2004

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiffs' counsel to determine whether Plaintiffs oppose the relief requested in this motion.  Plaintiffs' counsel indicated that he consents to the allowance of this motion.

/s/ Lawrence H. Martin
Lawrence H. Martin

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JULIE DELANEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 04-00349 (ESH / AK) |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Eli Lilly and Company's Consent Motion to Transfer

pursuant to 28 U.S.C. § 1404(a), it is this _____ day of _____, 2004,

ORDERED that Eli Lilly and Company's Consent Motion is hereby granted;  and it is

FURTHER ORDERED that the case be transferred to the United States District Court for

the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).


_____                          _____
DATE                                           Ellen Segal Huvelle
                                               U.S. District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JULIE DELANEY, et al.,                    )
                                          )
          Plaintiffs,                     )
                                          )
          vs.                             )          Civil Action No. 04-00349 (ESH / AK)
                                          )
ELI LILLY AND COMPANY,                    )
                                          )
          Defendant.                      )

**NOTICE OF WITHDRAWAL OF**
**MOTION TO TRANSFER AND INTENT TO FILE NEW MOTION TO TRANSFER**

Defendant Eli Lilly and Company ("Lilly") hereby withdraws its Consent Motion to

Transfer this case to the District of Massachusetts, which was filed on December 7, 2004.  Lilly

intends to file a Corrected Consent Motion to Transfer to the United States District Court for the

District of Massachusetts.


Respectfully submitted

ELI LILLY AND COMPANY,

/s/ James J. Dillon
James J. Dillon  (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company

and

Lawrence H. Martin  (DC Bar #476639)
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006
(202) 223-1200
Attorney for Defendant
Eli Lilly and Company


Dated:  December 7, 2004

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| JULIE DELANEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-00349 (ESH / AK) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**CORRECTED CONSENT MOTION TO TRANSFER
ACTION TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts. Plaintiffs Julie Lee Delaney and William Paul Delaney ("Plaintiffs") consent to the allowance of this motion.

Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, this action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiffs' claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the District Court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that all potential fact witnesses and sources of proof are located in or

within the subpoena power of the District of Massachusetts.[1]  In particular, Plaintiff Julie Lee

Delaney ("Plaintiff" or "Ms. Delaney") and her husband, Plaintiff William Paul Delaney, reside

in Middleboro, MA, in the District of Massachusetts; Ms. Delaney's parents, Barbara Ann

O'Leary and Leo Francis O'Leary, reside in East Dennis, MA, in the District of Massachusetts;

Ms. Delaney alleges *in utero* exposure to a DES product in the District of Massachusetts; Ms.

Delaney was born in the District of Massachusetts; the product at issue in this case was allegedly

dispensed from a pharmacy in Hingham, MA, in the District of Massachusetts; Quincy

OB/GYN, the facility where Ms. Delaney's mother's prescribing and treating physicians

practiced medicine during her pregnancy with Plaintiff, was located in Quincy, MA, in the

District of Massachusetts; all of the doctors who treated Ms. Delaney's claimed injuries practice

in the District of Massachusetts -- Dr. Rafik Mansour practices at Boston Health Care for

Women (Boston, MA);  Dr. Rachel Ashby and Dr. Daniel Schust practice at the Department of

Obstetrics and Gynecology, Division of Reproductive Medicine at Brigham & Women's

Hospital (Boston, MA);  Dr. Deborah Wooten practices in Norwell, MA; and Dr. Darlyne

Johnson and Dr. Martha Ehrmann practice at South Shore Women's Health (Weymouth, MA);

and Plaintiff's expert witness, Dr. Elena Yanushpolsky, practices at the Department of Obstetrics

and Gynecology, Division of Reproductive Medicine and Brigham & Women's Hospital

(Boston, MA), located in the District of Massachusetts.

  This action "might have been brought" originally in the District of Massachusetts.

28 U.S.C. § 1404(a).  First, the District of Massachusetts has subject matter jurisdiction over this

---

[1] Pursuant to Fed. R. Civ. P. 45(b).  Rule 45(b) provides that "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena . . . ."

action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[2]  Lilly is incorporated and has its principal place of business in Indiana.  Plaintiffs reside in and are presumably domiciled in Massachusetts.  Second, Massachusetts's long-arm statute, Mass. Gen. Laws ch. 223A, §3, reaches torts the consequences of which occur within the state.  Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction.  Third, venue is proper in the District of Massachusetts because Ms. Delaney's injuries that were allegedly caused by DES were diagnosed and treated in the District of Massachusetts.  *See* 28 U.S.C. § 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Finally, the interests of justice dictate that this action be transferred to the District of Massachusetts.  The Court of Appeals for this Circuit held in *Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980), that in weighing the public interest, courts should consider (1) the local interest in having localized controversies tried at home; (2) holding the trial in a court whose state's law will govern the case; (3) not imposing jury duty upon the people of a community that has no relation to the litigation; and (4) the administrative difficulties flowing from court congestion.

These factors point toward the District of Massachusetts and away from the District of Columbia.  First, the District of Massachusetts has more experience than the District of Columbia in interpreting and applying Massachusetts tort law.  "The interests of justice...are best served by having a case decided by the federal court in the state whose laws govern the interests

---

[2] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiffs cannot recover more than $75,000.  However, Lilly does not concede that the value of Plaintiffs' claims in fact exceed that minimum requirement.

at stake." *Trout Unlimited*, 944 F. Supp. at 19, *quoted in Thompson*, slip op. at 5.  Second, Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently.  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute).  Next, this case has no connection to the District of Columbia except that it was filed here:  no witnesses reside here, Ms. Delaney's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated in this District.  Finally, the relative docket congestion between the District of Massachusetts and this Court favors transfer neither district.[3]  Because this case has no connection to this District and because Plaintiffs consent to transfer, it is equitable to transfer this case out of the District of Columbia and to the United States District Court for the District of Massachusetts.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully request that this Court grant their consent motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

/s/ James J. Dillon
James J. Dillon  (DC Bar #485593)
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000
Attorney for Defendant
Eli Lilly and Company

and

---

[3] *See* Federal Court Management Statistics, Administrative Office of the United States (2003) <http://www.uscourts.gov/cgi-bin/cmsd2003.pl >

Lawrence H. Martin  (DC Bar #476639)
Foley Hoag LLP
1875 K Street, N.W., Suite 800
Washington, D.C. 20006
(202) 223-1200
Attorney for Defendant
Eli Lilly and Company

Dated:  December 7, 2004

## LOCAL RULE 7.1(m) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with Plaintiffs' counsel to determine whether Plaintiffs oppose the relief requested in this motion.  Plaintiffs' counsel indicated that he consents to the allowance of this motion.

/s/ Lawrence H. Martin
Lawrence H. Martin

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JULIE DELANEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 04-00349 (ESH / AK) |
| | ) | |
| ELI LILLY AND COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Eli Lilly and Company's Consent Motion to Transfer pursuant to 28 U.S.C. § 1404(a), it is this _____ day of _____, 2004,

ORDERED that Eli Lilly and Company's Consent Motion is hereby granted;  and it is

FURTHER ORDERED that the case be transferred to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

_____
DATE

_____
Ellen Segal Huvelle
U.S. District Judge