IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY,<br><br>  Plaintiffs,<br><br>  v.<br><br>ELI LILLY AND COMPANY,<br><br>  Defendant. | ]<br>]<br>]<br>]<br>]<br>]  Civil Action No.: 1:05-cv-10241-MLW<br>]  Next Event: Scheduling Conference on<br>]           April 22, 2005 at 3:00 p.m.<br>]<br>] |

**JOINT RULE 16.1 REPORT**

Pursuant to Local Rule 16.1 and Fed. R. Civ. P. 26(f), the attorneys for plaintiffs and defendant conferred up to and including March 31, 2005, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was a disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: It is too early to evaluate the likelihood that Defendant will bring dispositive motions as the parties have not yet completed discovery.

TOPIC NO. 2: (a) The date by which any other parties shall be joined or the pleadings amended; and (b) whether some or all of the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

TOPIC NO. 3: Whether this case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: Plaintiffs consent to having the case assigned to a magistrate judge. Defendant does not consent to having the case assigned to a magistrate judge at this time.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF PARTIES: While the parties are not aware of any information that would preclude a realistic possibility of settling the case, the parties also note that a prediction on the likelihood of settlement is somewhat premature as the parties have not completed discovery.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution ("ADR") procedures or some other form of alternative dispute resolution, and, if so, which procedure should be used and whether discovery should be stayed or limited pending completion of ADR.

POSITION OF PARTIES: The parties propose to have this case referred to Magistrate Judge Marianne B. Bowler for mediation after the completion of discovery.

TOPIC NO. 6: Whether the case can be resolved by summary judgement or motion to dismiss; the dates for filing the dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision of the motions.

POSITION OF PARTIES: Depending on the information that Defendant learns during discovery, Defendant may file a motion for summary judgement or motion to dismiss. The parties have proposed various deadlines under Topic No. 8.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P.,and, if not, what, if any, changes should be made in the scope, form, or timing of those disclosures.

POSITION OF PARTIES: The parties agree and request the Court to dispose of the 26(a)(1) disclosures as written discovery has been completed, as well as the depositions of the plaintiffs and family.

Defendant agrees that, within a week of the time that defendants obtain any medical records (other than medical records received directly from plaintiffs), defendant shall send a copy of all such

medical records to plaintiffs' counsel.

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

POSITION OF PARTIES:   The parties agree that the number of non-expert depositions should be limited to the following, whichever is greater: (a) 10 non-expert depositions or (b) the deposition of the Plaintiffs, plaintiff Julie Delaney's mother and father, as well as the depositions of any relevant medical providers or pharmacists. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

July 5, 2005:      All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

August 4, 2005:    Deadline for filing Dispositive Motions.

September 2005:    Pre-Trial Conference.

The parties' Proposed Scheduling Order is attached hereto as Appendix No. 1.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., shall be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree to make all expert witnesses available for deposition. Prior to the depositions, the parties agree to exchange expert reports pursuant to Rule 26(a)(2), except that the parties agree to dispense with the requirement of Rule 26(a)(2)(B) of a list of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. However, the parties may inquire into the topic of prior cases at the time of the

-4-

deposition.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

POSITION OF PARTIES:    Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that it is too early to determine whether the trial of this case should be bifurcated or managed in phases.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties request a pretrial conference in September 2005.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

POSITION OF PARTIES: The parties prefer that a firm trial date be set at the first scheduling conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.    Plaintiffs':

This is a products liability/personal injury case arising from Plaintiff Julie Delaney's in utero exposure to diethylstilbestrol ("DES"), a synthetic estrogen which was manufactured, marketed, sold,

promoted and distributed by the Defendant in 1970 to Ms. Delaney's mother for the purpose of preventing miscarriage.

Plaintiff Julie Delaney claims that as a result of her in utero exposure to DES, she has suffered injuries, including but not limited to, uterine and cervical malformations, with resultant poor pregnancy outcomes, ectopic pregnancy, and infertility, with concomitant expenses for care and treatment, physical and mental pain, and the inability to have the family she desired, and that the Defendant is liable for said injuries based on negligence, strict liability, breach of warranty, and misrepresentation.

Plaintiff William P. Delaney claims for loss of consortium.

B.      Defendant's:

Defendant Eli Lilly and Company ("Lilly") generally denies that it is liable to the plaintiffs under any of the plaintiffs' causes of action. Lilly believes that the Plaintiffs' evidence is insufficient to meet their burden of persuasion that plaintiff Julie Delaney was exposed in utero to DES in the first place, that any such DES was manufactured or produced by Lilly, that any such DES caused the injuries of which the plaintiffs complain, and that Lilly breached any duties owed to the plaintiffs, breached any warranties, or made any material misrepresentations. Lilly has also asserted several affirmative defenses, including that the plaintiffs' claims may be barred by the applicable statute of limitations or laches, and by the learned intermediary doctrine.

CERTIFICATION PURSUANT TO LOCAL RULE 16.1(D)(3):

Plaintiffs' certification pursuant to Local Rule 16.1(D) is attached hereto as Appendix No. 2.

Defendant Eli Lilly and Company's certification pursuant to Local Rule 16.1(D) is attached

hereto as Appendix No. 3.

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH M. LEVINE & ASSOCIATES | FOLEY HOAG LLP |
| /s/ Sheila Mone | /s/ Brian L. Henninger |
| SHEILA MONE, BBO#634615<br>370 Washington Street<br>Brookline, MA  02445<br>617-566-2700 | JAMES J. DILLON, BBO#124660<br>BRIAN L. HENNINGER, BBO#657926<br>155 Seaport Boulevard<br>Boston, MA  02210-2600<br>617-832-1000 |
| and | Attorneys for Eli Lilly and Company |
| Aaron M. Levine<br>AARON M. LEVINE & ASSOCIATES<br>1320 19th Street, N.W.<br>Suite 500<br>Washington, DC  20036<br>202-833-8040 |  |
| Attorneys for Plaintiffs |  |

April 13, 2005

IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>    Defendant. | ]<br>]<br>]<br>]<br>]<br>]  Civil Action No.: 1:05-cv-10241-MLW<br>]  Next Event: Scheduling Conference on<br>]        April 22, 2005 at 3:00 p.m.<br>]<br>] |

**[PROPOSED] SCHEDULING ORDER**

The parties propose the following schedule:

July 5, 2005:   All Discovery Closed. The parties agree that experts may be deposed until the close of discovery.

August 4, 2005:   Deadline for filing Dispositive Motions.

September 2005:   Pre-Trial Conference.

DATED: _____          _____
                                                                              MARK L. WOLF
                                                                              United States District Judge

|  |  |
|---|---|
|  | Respectfully submitted, |
| KENNETH M. LEVINE & ASSOCIATES | FOLEY HOAG LLP |
| /s/ Sheila Mone | /s/ Brian L. Henninger |
| SHEILA MONE, BBO#634615 | JAMES J. DILLON, BBO#124660 |
| 370 Washington Street | BRIAN L. HENNINGER, BBO#657926 |
| Brookline, MA  02445 | 155 Seaport Boulevard |
| 617-566-2700 | Boston, MA  02210-2600 |
|  | 617-832-1000 |
| and |  |
|  | Attorneys for Eli Lilly and Company |
| Aaron M. Levine |  |
| AARON M. LEVINE & ASSOCIATES |  |
| 1320 19th Street, N.W. |  |
| Suite 500 |  |
| Washington, DC  20036 |  |
| 202-833-8040 |  |
| Attorneys for Plaintiffs |  |

April 13, 2005



IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY,<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | Civil Action No.: 1:05-cv-10241-MLW<br>Next Event: Scheduling Conference on<br>April 22, 2005 at 3:00 p.m. |

## LOCAL RULE 16.1(D) STATEMENT

PLEASE TAKE NOTICE THAT the undersigned parties to this action, and their Counsel, hereby certify, pursuant to Local Rule 16.1 (D)(3) of the Local Rules of the United States District Court for the District of Massachusetts that:

a. they have conferred with a view to establishing a budget for the costs of conducting the full course, and various alternative courses, of this litigation; and

b. they have conferred to consider the resolution of this litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Plaintiffs
By their Attorneys,

_____      _____
JULIE DELANEY                  SHEILA MONE, BBO#634615
                               Kenneth M. Levine & Associates
_____      370 Washington Street
WILLIAM P. DELANEY             Brookline, MA   02446
                               617-566-2700

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIE DELANEY and
WILLIAM P. DELANEY

      Plaintiffs,

v.

ELI LILLY AND COMPANY,

      Defendant.

CIVIL ACTION No. 05-CV-10241 (MLW)

## DEFENDANT ELI LILLY AND COMPANY'S
## LOCAL RULE 16.1(D)(3) CERTIFICATION

Pursuant to Local Rule 16.1(D)(3), defendant Eli Lilly and Company and its attorneys hereby certify that they have conferred with a view to establishing a budget for the costs of conducting the full course—and various alternative courses—for the above-captioned litigation and have conferred to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

By its attorneys:

_____
James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600

Dated: April 13, 2005

ELI LILLY AND COMPANY,

By:

_____
Michael Harrington
Associate General Counsel
ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285

Dated: March 31, 2005

B3013180.1