IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM DELANEY<br><br>Plaintiffs,<br><br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | CIVIL ACTION No. 05-CV-10241 (MLW) |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COME NOW the Plaintiffs Julie Delaney ("Ms. Delaney") and William Delaney (collectively "Plaintiffs") and opposes Defendant Eli Lilly and Company's ("Lilly") Motion for Summary Judgment. As grounds therefore, Plaintiffs state that the following issues in dispute could be resolved in the Plaintiffs' favor by a reasonable juror:

1) Whether Ms. Delaney's mother, Barbara O'Leary, independently identifies the Lilly white cross-scored pill, which was unique?

2) Whether the mother's descriptions of the size, marking, and shape of the pill fits Lilly's diethylstilbestrol ("DES") tablet exclusively? Evidence supports that no other manufacturer made a white, cross-scored, round DES tablet without imprint besides Eli Lilly.

3) Whether Lilly's only alibi, that the Bristol-Myers Squibb's DES was a cross-scored tablet, is irrelevant since it is disputed whether Squibb's pill was even cross-scored, was a different dosage than what is contained in the medical records, Squibb's pill was called Stilbetin, the mother ingested Stilbestrol, and Squibb's pill had the word "Squibb" imprinted on one side of it? The mother denies such an imprint.

4) Whether it is true, as an eminent Boston pharmacist, Mr. Harold Sparr, testifies, that Lilly's DES was exclusively ubiquitous in the Boston Area in the late 1960's and early 1970's?

5) Whether it is true, as Lilly's District Manager states, that the mother's description of the DES pill fits Lilly's only, and that Lilly dominated the Boston DES market?

6) How can it be that Defendant Lilly, a multi-billion dollar company, with its thousands of pharmacy detailmen, salesmen and investigators, cannot come up with a shred of evidence that any other brand was available at the relevant pharmacy, or that any other company made a small, round, white cross-scored 25mg DES tablet without imprint as the mother identified?

7) Why does the 1969 Physician's Desk Reference ("PDR"), the authority on prescription medication for physicians, cite and indicate only Lilly's DES?

8) Why would a scientific survey, conducted by Boston University, reveal that 94% of the DES in the Boston area, at the relevant time, was made by Defendant Lilly if such was not the case?

And for such other and further reasons as set forth in Plaintiff's memorandum and appendices attached.

**WHEREFORE** Plaintiffs pray the Court deny the Defendant's Motion for Summary Judgment.

### Request for Hearing

The Plaintiffs request the Court grant oral argument on this motion.

Respectfully submitted,

/s/ Erica Tennyson
Juliet A. Davison (BBO# 562289)
Erica Tennyson (BBO# 660707)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109
(617) 720-2626
Fax (617) 227-5777
jdavison@toddweld.com
etennyson@toddweld.com

/s/ Aaron M. Levine
Aaron M. Levine, DC #7864
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Dated: October 5, 2006.                    Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I, Erica Tennyson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 5, 2006.

s/ Erica Tennyson
Erica Tennyson (BBO# 660707)