UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY<br><br>             Plaintiffs,<br><br>      v.<br><br>ELI LILLY AND COMPANY,<br><br>             Defendant. | CIVIL ACTION No. 05-CV-10241 (MLW) |

**CONSENT MOTION TO TAKE DEPOSITION OUT OF TIME
AND EXTEND FILING DEADLINE FOR DEFENDANT'S REPLY BRIEF**

Defendant Eli Lilly and Company ("Lilly"), **with the consent of plaintiffs' counsel**, hereby moves for permission to take the deposition of Harold B. Sparr out of time and for a 30-day extension to file a reply brief in support of summary judgment. In support of its motion, Lilly states the following:

1. This is a product liability action in which plaintiffs allege injuries stemming from exposure diethylstilbestrol, a prescription drug marketed by Lilly and many other manufacturers. On September 25, 2006, Lilly filed a motion for summary judgment, arguing that plaintiffs could not produce sufficient evidence to prove that Lilly manufactured the diethylstilbestrol to which Mrs. Delaney was allegedly exposed. Docket No. 40. On October 6, plaintiffs filed an Opposition to Lilly's Motion for Summary Judgment ("Plaintiffs' Opposition"). Docket No. 42. The deadline for Lilly to file a Reply Brief in Support of Summary Judgment is today, October 19, 2006.

2. In their Opposition, plaintiffs identify Mr. Sparr as a pharmacist with knowledge of the stocking and dispensing practices of pharmacies in the Hingham, Massachusetts area where Mrs. Delaney's mother allegedly filled her diethylstilbestrol prescription. Sparr Affidavit,

B3270332.1

Docket No. 45, App. 7, ¶¶ 4, 7 (attached hereto as Ex. 1).  In addition, plaintiffs' rely on Mr. Sparr's statement that Lilly's diethylstilbestrol pill would have been the only pill available in Hingham area pharmacies that fit the description provided by Mrs. Delaney's mother.  *Id.* at ¶ 8.

3. Lilly was not aware, before the filing of Plaintiffs' Opposition, that Mr. Sparr claimed such specific knowledge about Hingham area pharmacies.  Lilly seeks to depose Mr. Sparr out of time to explore the basis and scope of his knowledge on these issues.

4. The parties have conferred and believe they can work together to complete Mr. Sparr's deposition within the next 30 days.  Lilly requests that the filing deadline for its Reply Brief be reset for November 20, 2006.

WHEREFORE, Lilly respectfully requests that its Consent Motion to Take Deposition Out of Time and to Extend Filing Deadline for Defendant's Reply Brief be GRANTED.

Respectfully submitted,

FOLEY HOAG LLP

/s/ Brian L. Henninger
James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600
(617) 832-1000

Dated:  October 19, 2006

## LOCAL RULE 7.1(A)(2) CONFERRAL CERTIFICATION

I, Brian L. Henninger certify that on October 19, 2006, Plaintiffs' counsel consented to Lilly's Motion to Take Deposition Out of Time and Extend Filing Deadline for Reply Brief.

/s/ Brian L. Henninger

# APPENDIX 7

# STATEMENT OF HAROLD SPARR, R.PH.

Harold B. Sparr declares under penalty of perjury that the following is true and correct:

1. I am a registered and licensed pharmacist in Massachusetts, New York, and California having graduated in 1951 /1955 (HBS)/ from the Massachusetts College of Pharmacy. I have continuously and exclusively engaged in pharmacy from 1944 to the present.

2. I was the President of the Massachusetts Board of Registration in Pharmacy as well as the President of the Massachusetts College of Pharmacy Alumni Association, and as such am personally familiar with registered pharmacists in the Boston region, as well as the actual practice of pharmacy and retail pharmaceutical catalogues.

3. From the year 1944 to the present, I have worked at the following local Boston pharmacies:

   a. Sparr's Drug Store, Inc. on 635 Huntington Avenue, Boston, MA (1944-1969);

   b. Ivy Drug on Park Drive, Boston, MA (1955);

   c. Jacobson's Pharmacy on Harvard Street, Boston (Dorchester), MA (1955-1956);

   d. Robert's Pharmacy on 360 Trapelo Road, Belmont, MA (1969-1976);

4. I was a member of Boston Association of Retail Pharmacists (now called Massachusetts Independent Pharmacists Association) from 1955 to the present. In have had the opportunity to meet with, work with, and discuss the practice of pharmacy with hundreds of pharmacists in Boston, including Hingham, over the last fifty years.

5. I am familiar with those pharmaceuticals commonly used for the care and treatment of pregnant women in the late 1960's and early 1970's in the Boston area, including Hingham. I am also familiar with the pharmacy literature in the marketing of drugs in the 1960's and 1970's.

6. I am familiar with the Red and Blue Books and those publications' listings of many diethylstilbestrol (DES) manufacturers besides Eli Lilly in the 1960's and 1970's. However, while the Red and Blue Books may represent all the medications in the world, they have no relevance to the Boston areas as Lilly virtually owned that DES market in the 1960's and 1970's.

7. I am familiar with the practice of stocking and dispensing of DES in the 1960's and 1970's in Boston. In the 1960's and 1970's, generics were not popular and were disfavored in the trade sine they did not have the quality control of the major brands. Because Lilly was top quality, the Lilly DES drug was inexpensive, and could be ordered from a Lilly wholesaler on bottle at a time, the drugstores in Boston/Hingham stocked Lilly's DES exclusively.

8. Based upon my practice, experience, and observations of the practice of pharmacy in Hingham in the 1960's and 1970's, if a woman was dispensed DES/Stilbestrol as a white, round, cross-scored tablet in 1969-1970, she would have received Lilly's Diethylstilbestrol, as that was the only popular brand at that time in pill form in that place and no other brand fitting this description was available in Boston/Hingham at that time.

9. Squibb may have made a DES product in the area, but their DES pill does not match the mother's description of a white, cross-scored tablet without any other markings or writing on it. Also, Squibb's DES pill was called Stilbetin and if a mother's

prescription was written as Stilbestrol without a brand name specified, she would have received a Lilly product based on the wholesaler agreement, Lilly's exclusivity, and it was illegal at that time to replace one drug for another.

9. The import and design of the Red and Blue Books as it pertains to DES reflects a picture of the myriad and numerous regional generic bottlers of this chemical in the various cities and localities in America representing fifty different states and over a 100 different cities.

10. The Red and Blue Books do not represent nor were they designed to represent the availability of DES in the Boston market nor the manufacturer of the drug as it's only distributor.

11. The great number or the great majority of the DES companies listed were not manufactures of DES but only repackagers in local limited markets. That is, a pharmacists would repackage DES under his own label and sell it as a generic to pharmacists in this area. Of the brands listed, only a few were national pharmaceutical distributors, i.e., Lilly Squibb, Merck, Upjohn, Pfizer. The others were not national distributors and were not in Boston Massachusetts. 90% of the names listed under the Red and Blue Books are local generic repackagers of DES. Lilly dominated the DES market in those days.

I declare under the penalty of perjury that the foregoing is true and correct based on my personal knowledge.

Harold B. Sparr, R.PH.

Witness:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIE DELANEY and
WILLIAM P. DELANEY

        Plaintiffs,

    v.

ELI LILLY AND COMPANY,

        Defendant.

CIVIL ACTION No. 05-CV-10241 (MLW)

**[PROPOSED] ORDER**

    Upon consideration of the Defendant Eli Lilly and Company's Consent Motion to Take Deposition Out of Time and Extend Filing Deadline for Defendant's Reply Brief ("Consent Motion"), it is by this Court this _____ day of _____ 2006, hereby

    ORDERED, that the Consent Motion be and the same hereby is, GRANTED, and it is further

    ORDERED, that, Mr. Sparr's deposition be completed at a date mutually convenient for the witness and the parties within the next 30 days and that Defendant file its Reply Brief in Support of Summary Judgment no later than November 20, 2006.

                                                                _____
                                                               Hon. Mark L. Wolf
                                                               Chief Judge -- U.S. District Court for the
                                                               District of Massachusetts

B3270338.1