UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and <br> WILLIAM P. DELANEY <br><br> Plaintiffs, <br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-CV-10241 (MLW) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT ELI LILLY'S
MOTION TO STRIKE THE STATEMENT OF PHILIP CAFFERTY**

**COME NOW** the Plaintiffs and oppose Defendant Eli Lilly and Company's Motion To Strike the Statement of Philip Cafferty, R. Ph., and as grounds hereby state:

Plaintiffs respectfully request that the Court consider their Opposition to Defendant's Motion to Strike the Statement of Harold Sparr, R. Ph., filed herewith, which for the purpose of brevity is herein incorporated, before reviewing this opposition. Mr. Cafferty, like Mr. Sparr, is a mixed fact and expert witness and the substance of his testimony is similar to Mr. Sparr's and integral to the other documents supporting Plaintiffs' Opposition to Defendant Lilly's Motion for Summary Judgment. (See Docket Nos. 42 & 45.) Plaintiffs hope that this incorporation by reference will relieve the Court of reading much of the same material twice.

**I.   MR. PHILIP CAFFERTY IS QUALIFIED TO SPEAK AND HIS TESTIMONY IS RELIABLE AND ADMISSIBLE**

Mr. Cafferty's testimony is reliable. He is a fact witness as to his observations as a Lilly detailman, a salesman, and a Lilly district manager. He is also a pharmacist and is well-exposed to the pharmacies of New England, of which Hingham, Massachusetts is a part. His statement as to his personal observations of the pharmacists of New England, including those in his

1

hometown, and to the absence of DES manufactured by companies other than Eli Lilly are both relevant and material, and are supportive of the other testimony from Pharmacist Sparr and Plaintiff Julie Delaney's mother. While Mr. Cafferty's statement alone may not be sufficient to prove identification of Eli Lilly's DES pill, no one piece of evidence must prove a whole case. In combination with all the other evidence, including Mr. Sparr's study, Mrs. O'Leary's identification of a white cross-score DES pill and other evidence not in dispute, Mr. Cafferty's testimony helps demonstrate that it was Lilly's DES and no other to which Julie Delaney was exposed.

Mr. Cafferty was an employee of the Eli Lilly Company for thirty-seven (37) years as a detailman and district manager. This required him to visit Massachusetts pharmacies on a regular basis. See Statement of Philip Cafferty ("Cafferty Statement"), App. 1.[1] As a Lilly detailman visiting pharmacies, Mr. Cafferty was able to see what brand of DES was on the shelves. His testimony that the DES in Massachusetts was overwhelmingly the Lilly brand is reliable due to his personal observations, review of statements taken under penalty of perjury, and personal experience with Eli Lilly. As a pharmacist and district manager of Eli Lilly and due to his review of sworn statements by pharmacists, as well as conversations with other Massachusetts pharmacists, Mr. Cafferty provided evidence of the pervasiveness of the Lilly brand on the DES market at the relevant times.

Philip Cafferty qualifies as an expert concerning the prevalence of DES in Massachusetts. Mr. Cafferty's qualifications include:

    (a)    being a Lilly detailman;

    (b)    being a Lilly District Manager of Rhode Island and Massachusetts;

---

[1] All cites to Appendices herein refer to appendices to Affidavit of Aaron M. Levine, Esq. Regarding Authentication of Documents, filed herewith in support of this Opposition.

2

(c) being a retail pharmacist for over forty years;

(d) having familiarity with DES ordering, stocking, and dispensing practices of the regions to which he sold drugs;

(e) having familiarity with Lilly DES litigation, the Physician's Desk Reference, Red and Blue Books, Lilly's Digest, the Tile & Till publication for pharmacists written by Eli Lilly, De Re Medica, and the Physician's Bulletin;

(f) having familiarity with Lilly's monopolistic "fair trade" and wholesaler restrictions; and

(g) having familiarity with Lilly's promulgation of DES and personal knowledge of the popularity and convenience of Lilly's DES inventory and stocking advantages.

See Statement of Cafferty, App. 1.

Mr. Cafferty was an expert in marketing pharmaceutical products for Lilly for twenty years. He was aware of its sales and marketing procedures. He was in charge of Lilly's detailmen, salesmen, and marketing for the New England area during the time at issue in this case. His statement and deposition testimony indicate that, based upon his personal knowledge of the DES and his personal observations as to Lilly practice and procedure, it is more likely than not that the DES ingested in this case was Lilly's.

Mr. Cafferty is not biased against Eli Lilly. When hired by Plaintiffs, Mr. Cafferty was an independent pharmacist. Mr. Cafferty was a loyal employee of Lilly for twenty years. Furthermore, Mr. Cafferty received a pension from Eli Lilly for the duration of his employment by Plaintiffs. Any attack on Mr. Cafferty's credibility is properly placed in front of a jury – not in a motion for summary judgment.

Lilly claims that Pharmacist Cafferty has no relevant information regarding Lilly's dominance of the DES market. However, few would have better knowledge of Lilly's market share in Massachusetts than Mr. Cafferty. He was a pharmacist who spent twenty years detailing drugs for Eli Lilly. He visited hundreds of drugstores in Massachusetts and Rhode Island, seeing what brand(s) of DES they had on the shelves. He conducted interviews with pharmacists working during the 1950's and 1960's to conclude that Eli Lilly did indeed hold the "lion's share" of the DES market during that time period. See Cafferty Statement, App. 1.

## II.   THE CAFFERTY STATEMENT IS THE BEST INFORMATION AVAILABLE, GIVEN DEFENDANT'S STONEWALLING

On August 3, 2004, Defendant Eli Lilly provided non-responsive answers to Plaintiffs' First Set of Interrogatories. Plaintiff asked whether Defendant contended that Plaintiff Julie Delaney was exposed to a brand of DES other than Lilly's, and if so, what basis it had for such contention. Defendant's response was merely that there were many manufacturers of DES out there, and therefore another pill that looks exactly like Lilly's pill may exist. Def. Eli Lilly's Resp. to Pls.' First Set of Interrogs., pg. 3-4, App. 2. Despite over a generation of DES lawsuits, many in the Boston area and including at least one where Eli Lilly deposed a Hingham pharmacist, Defendant Lilly still claims that its "investigation is still continuing" into what pills may have been distributed in Hingham. Id. Eli Lilly also refuses to provide any information on which of the other manufacturers it constantly mentions as possibly producing a DES pill similar to its did or did not do so. Id. at 4-6.

Eli Lilly maintains extensive marketing, stocking, and distribution information on just these subjects, and *these materials are within their exclusive control.* Defendant Lilly has kept track of its army of salesmen; these salesmen are required to survey the drugstores in their

4

jurisdictions and report back on the success and market penetration of Lilly products in local drugstores. A number of these employees are reachable through Lilly's pension records.

Furthermore, Eli Lilly is a $16 billion firm that maintains records on pharmacies' use of its drugs in a compendium called the Lilly Digest. Lilly refuses to allow Plaintiffs' counsel access to back issues of the Lilly Digest, but the following contemporary news reports demonstrate its contents:

(a)  The Lilly Digest, referenced in FDC Reports 8/10/1959, attached as App. 3, contains pharmacy records outlining the financial condition of pharmacies.

(b)  In 1947, the Lilly Digest contained over one thousand stores' sales of pharmaceuticals, according to the FDC Reports of 9/6/1947, attached as App. 4.

(c)  The Lilly Digest also reflects the margin of profits local drugstores make on Lilly products. See FDC Reports 5/29/1961, attached as App. 5.

(d)  In 1959, the Lilly Digest had information collected from over two thousand drugstores. See FDC Reports 8/10/1959, attached as App. 6.

(e)  Lilly's publication The Modern Apothecary, a how-to guide to pharmacists, uses information from the Lilly Digest to enhance drugstore profitability. See Eli Lilly & Co., The Modern Apothecary, pg. 31, 88 (H.S. Noel ed., Lakeside Press, R.R. Donnelly & Sons Co. 1941), attached as App. 7.

Despite this collection of market data, and a historical record collection called the "Lilly Archives," Lilly refuses to say what it believes its market share was during the years when it sold DES. If Lilly is allowed to withhold this evidence, it should not then be allowed to say that Plaintiffs' attempts to reconstruct the data in Lilly's control lack credibility.

### III. CONCLUSION

Because Philip Cafferty is an eminently qualified expert who has based his opinions on unbiased statements and personal observations, his opinion is reliable. Furthermore, Mr. Cafferty has personal knowledge on the issue of Lilly's drug sales. Because his opinion helps establish that, more probably than not, Julie Delaney was exposed *in utero* to DES manufactured by Eli Lilly, it is relevant. Therefore, the statement of Pharmacist Philip Cafferty is admissible and should not be stricken from the record nor should his testimony be excluded.

**WHEREFORE**, Plaintiffs pray the court to deny the Defendant's Motion to Strike Statement of Philip Cafferty, R. Ph. [Docket No. 47], or in the alternative to reopen discovery and stay Defendant's Motion to Strike while it grants the Plaintiffs the right to inspect the Lilly Digest and the Lilly Archives for records reflecting Defendant's sales of DES in the Boston area at the relevant time.

Respectfully submitted,

/s/ Erica Tennyson
Juliet A. Davison (BBO# 562289)
Erica Tennyson (BBO# 660707)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109
(617) 720-2626
jdavison@toddweld.com
etennyson@toddweld.com

        /s/ Aaron M. Levine  
Aaron M. Levine (DC #7864)  
AARON M. LEVINE & ASSOCIATES  
1320 19th Street, N.W., Suite 500  
Washington, D.C. 20036  
(202) 833-8040  
aaronlevinelaw@aol.com

Dated: December 4, 2006        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Erica Tennyson, hereby certify that this document filed through the ECF system, Plaintiffs' Opposition to Defendant Eli Lilly's Motion to Strike the Statement of Philip Cafferty, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 4, 2006.

/s/ Erica Tennyson
Erica Tennyson (BBO# 660707)

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that, pursuant to L.R., D. Mass. 7.1(A)(2), I have been informed that counsel for both parties conferred on November 20, 2006 and attempted in good faith to resolve or narrow the issues, but were unable to come to a resolution.

/s/ Erica Tennyson
Erica Tennyson (BBO# 660707)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY<br><br>   Plaintiffs,<br>v.<br><br>ELI LILLY AND COMPANY,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-CV-10241 (MLW)<br>)<br>)<br>)<br>)<br>) |

### (PROPOSED) ORDER

**UPON CONSIDERATION** of Defendant's Motion to Strike the Statement of Philip Cafferty, R. Ph., and Plaintiffs' Opposition thereto, and for good cause shown, it is this ___ day of _____, 2006,

**ORDERED** that Defendant's motion be, and hereby is, DENIED.

_____
The Honorable Mark L. Wolf
United States District Court Judge

## CERTIFICATE OF SERVICE

    I, Erica Tennyson, hereby certify that this document filed through the ECF system, Plaintiffs' (Proposed) Order regarding Defendant Eli Lilly's Motion to Strike the Statement of Philip Cafferty and Plaintiffs' Opposition thereto, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 4, 2006.

                                              /s/ Erica Tennyson
                                              Erica Tennyson (BBO# 660707)