UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY )<br><br>Plaintiffs,<br>v.<br><br>ELI LILLY AND COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-CV-10241 (MLW)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION TO STRIKE THE DEPOSITION OF GEORGE W. PRICE
AS UNTIMELY PRODUCED, OR IN THE ALTERNATIVE TO
REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF DETERMINING
THE EXTENT OF GEORGE PRICE'S INFORMATION**

COME NOW Plaintiffs Julie and William P. Delaney ("Plaintiffs"), through counsel, and request that this Court strike the Deposition of George W. Price as produced by Defendant Eli Lilly and Company ("Lilly" or "Defendant") as untimely, or, in the alternative, to stay consideration of Defendant's Motion for Summary Judgment and reopen discovery on the limited topic of the nature and extent of George Price's knowledge.

**I.   BACKGROUND**

The Court's scheduling order states that discovery "shall be complete by September 30, 2005." See Scheduling Order (Wolf, J.), Docket No. 24 (attached as App. 1 to Aff. of Aaron M. Levine, Esq. Regarding Authentication of Documents ("Levine Aff."), filed herewith).

On July 2, 2004, Plaintiffs served their First Set of Interrogatories on Defendant. Interrogatory No. 1 asked for any facts that Defendant might have in support of its contention that Julie Delaney's mother did not take Lilly's diethylstilbestrol ("DES") product. Interrogatory No. 2 asked for "each and every individual(s) known to you, your attorneys or investigators, who

may have information concerning the identity of the brand of DES [that Julie Delaney was exposed to]." Defendant's responses, dated July 29, 2004, stated in response to both interrogatories that "Lilly's attorneys are currently investigating this issue *and this answer will be supplemented if information responsive to this interrogatory is discovered.*" See Def. Eli Lilly's Resp. to Pls.' First Interrogs. & First Req. for Produc. of Docs., Levine Aff. App. 2 (emphasis added).

Defendant never supplemented its interrogatory responses to include George Price or any information which would reasonably lead Plaintiffs to discover Mr. Price's deposition. In fact, Defendant never provided any supplements to its disclosures. In its Rule 26(a)(1) disclosures, dated May 6, 2005 – almost a year after Defendant's Responses to Plaintiffs' Interrogatories – Defendant lists as fact witnesses the Plaintiffs, Plaintiff Julie Delaney's family and treating physicians, Defendant's expert witnesses including several deceased witnesses from prior litigation who would testify to the safety and efficacy of DES, and "Lilly Employee(s) or Former Employee(s) in sales area who may become relevant as facts are developed." See Def. Eli Lilly & Co.'s Initial Disclosure Statement, Levine Aff. App. 3.

Mr. Price's deposition was not known to Plaintiffs until Defendant's Corrected Supplemental Affidavit in Support of Defendant's Motion for Summary Judgment, dated November 20, 2006, was filed nearly two months after the close of discovery. See Dep. of George W. Price in Margaret Lee v. Abbott Laboratories, Inc. et al., No. 768299 (Cal. Super.), dated July 29, 1983 (attached as Ex. 3 to Def.'s Reply Br. in Supp. of Summ. J., Docket No. 50).

## II. DEFENDANT'S LATE PRODUCTION OF THIS DEPOSITION REQUIRES THAT IT BE STRICKEN

Fed. R. Civ. P. 37(c)(1) states:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior

2

> response as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information so disclosed.

Lilly's failure to disclose George Price and his deposition transcript is neither justified nor harmless. Defendant's justification for its failure to disclose George Price is that Defendant was not aware that Plaintiffs' case would involve the stocking practices of other pharmacies in Hingham until Plaintiffs filed Harold Sparr's affidavit with their Opposition to Summary Judgment. See Def.'s Reply Br. in Supp. of Summ. J. at 3, n. 1, Docket No. 50. Defendant's claim of surprise is baseless.

Julie Delaney's responses to Defendant's interrogatories, dated June 9, 2004, stated that she was exposed in Hingham, Massachusetts. See Pl. Julie Delaney's Answers to Def.'s First Set of Interrogs., Levine Aff. App. 4. Both Plaintiffs and Defendant did not narrow their focus down to the Hingham Pharmacy to the exclusion of all other pharmacies in Hingham, Massachusetts until Defendant deposed Plaintiff Julie Delaney's mother on December 1, 2004. For six months, Defendant had a piece of information that was a material response to the interrogatory, and Defendant did not disclose it. Mr. Price was deposed in 1983. Defendant knew of his testimony long in advance of this litigation. That they did not identify Mr. Price's deposition as relevant to which drugs were dispensed in Hingham is not justified.

Furthermore, Plaintiffs are prejudiced regarding the sudden appearance of Mr. Price's deposition. Plaintiffs thought that, at the close of discovery, they had the best evidence available to proceed with their case. Plaintiffs made significant investigations and believed that Defendant had supplied all other available information regarding pharmacies in Hingham.

Harold Sparr, whose affidavit is at issue in other motions in this case, based his statements on his experience and the information available at the time, which could not have included George Price's deposition as its existence was unknown to Plaintiffs until November

3

20, 2006. If this Court admits the deposition of George Price, Defendant will be rewarded for its failure to completely answer interrogatories when it impeaches Plaintiffs' expert witness whose information is, due solely to Defendant's conduct, incomplete.

Plaintiffs are also generally prejudiced by the late appearance of George Price's deposition testimony. George Price's deposition is lengthy and contains significant statements about what drugs did and did not exist in Hingham, Massachusetts at the relevant time. The deposition of Mr. Price referred to by Defendant has a reference to Mr. Price's pharmacy stocking Burroughs-Wellcome DES, which to the best of Plaintiffs' knowledge was not sold to anyone in 1969, the year of Plaintiff Julie Delaney's exposure. See Drug Topics Red Book 1969, Walter Cousins, ed., 1969, Levine Aff. App. 5; see also In re Complex DES Litigation, No. 830109 (Cal. Sup. Ct. Jul. 29, 1988), Levine Aff. App. 6. The New York DES market share matrix ascribes no liability to Burroughs-Wellcome at all. See Selections from New York DES Matrix, Levine Aff. App. 7. The deposition testimony refers to extensive records concerning Mr. Price's pharmaceutical practice, some of which may be relevant to resolving the Burroughs-Wellcome question and others regarding the DES available in Hingham, but those records have not been made available to Plaintiffs by Defendant's counsel.

Furthermore, should Defendant not have copies of the relevant records referred to in Mr. Price's deposition, Plaintiffs have no way in the short time between Defendant's Reply Brief and hearings on Defendant's Motion for Summary Judgment to gain access to these files. Not only is discovery closed, precluding the Plaintiffs from filing subpoenas, but there is also not enough time for Plaintiffs to conduct a proper inquiry into these matters. Plaintiffs must rely on the assumption that there is no further relevant information, a contention that Defendant's production of George Price's deposition already proved false.

4

**WHEREFORE**, Plaintiffs pray the Court strike the deposition of George Price, or, alternatively, to stay consideration of Defendant's Motion for Summary Judgment and reopen discovery so that Plaintiffs may properly respond to this late-disclosed evidence.

          Respectfully submitted,

          /s/ Erica Tennyson
Juliet A. Davison (BBO# 562289)
Erica Tennyson (BBO# 660707)
TODD & WELD LLP
28 State Street, 31st Floor
Boston, Massachusetts 02109
(617) 720-2626
jdavison@toddweld.com
etennyson@toddweld.com

          /s/ Aaron M. Levine
Aaron M. Levine (DC #7864)
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com

Dated: December 5, 2006          Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Erica Tennyson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on December 5, 2006.

/s/ Erica Tennyson
Erica Tennyson (BBO# 660707)

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I hereby certify that, pursuant to L.R., D. Mass. 7.1(A)(2), I have been informed that counsel for both parties conferred on December 4, 2006 and attempted in good faith to resolve or narrow the issues. Counsel for Defendant Eli Lilly and Company did not consent to the Motion.

/s/ Erica Tennyson
Erica Tennyson (BBO# 660707)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY | )<br>)<br>) |  |
| Plaintiffs,<br>v. | )<br>)<br>) | Civil Action No. 05-CV-10241 (MLW) |
| ELI LILLY AND COMPANY, | )<br>)<br>) |  |
| Defendant. | )<br>) |  |

### (PROPOSED) ORDER

**UPON CONSIDERATION** of Plaintiffs' Motion to Strike the Deposition of George Price, and for good cause shown, it is this ___ day of _____, 2006,

**ORDERED** that Plaintiffs' motion be, and hereby is, GRANTED.

_____
The Honorable Mark L. Wolf
United States District Court Judge