IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JULIE DELANEY and <br> WILLIAM P. DELANEY | ) <br> ) <br> ) <br> ) |  |
| Plaintiffs, <br> v. | ) <br> ) <br> ) | Civil Action No. 05-CV-10241 (MLW) |
| ELI LILLY AND COMPANY, | ) <br> ) <br> ) |  |
| Defendant. | ) <br> ) |  |

## AFFIDAVIT OF AARON M. LEVINE, ESQ.
## REGARDING AUTHENTICATION OF DOCUMENTS

I, Aaron M. Levine, declare under penalty of perjury that the following is true and correct:

1. Attached as Appendix 1 is a true copy of the Scheduling Order in this case, dated April 22, 2005.

2. Attached as Appendix 2 is a true copy of pages 1-4 and the affirmation from Defendant Eli Lilly's Responses to Plaintiffs' First Set of Interrogatories, dated July 29, 2004.

3. Attached as Appendix 3 is a true copy of Defendant Eli Lilly and Company's Initial Disclosure Statement, dated May 6, 2005..

4. Attached as Appendix 4 is a true copy of pages 1-3 of Plaintiff Julie Delaney's Answers to Defendant's First Interrogatories, dated June 9, 2004.

5. Attached as Appendix 5 is a true copy of selected pages from the Drug Topics Red Book, Walter Cousins, ed., 1969.

6. Attached as Appendix 6 is a true copy of In re Complex DES Litigation, No. 830109 (Cal. Sup. Ct. Jul. 29, 1988).

7. Attached as Appendix 7 is a true copy of selected pages from the New York DES market share matrix.

I declare under penalty of perjury that the foregoing is true and correct.

Aaron M. Levine

Dated: December 4, 2006

# Appendix 1

Scheduling Order in *Delaney v. Eli Lilly and Co.*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JULIE DELANEY et al
        Plaintiff(s)

    v.
                         CIVIL ACTION
                         NO.   05-10241-MLW


ELI LILLY
        Defendant(s)


SCHEDULING ORDER

WOLF, D.J.


      This case is governed procedurally by the 1992 Amendments to
the Local Rules of the United States District Court for the
District of Massachusetts (the "Local Rules"), which implement the
District's Civil Justice Expense and Delay Reduction Plan. Counsel
must, therefore, comply with the relevant Local Rules in the
litigation of this case.

      It is hereby ORDERED pursuant to Fed. R. Civ. P. 16(b) and
Local Rule 16(f) that:

[X]  1.  Any Motion to Amend the pleadings, or any Motion to File
additional pleadings, shall be filed by MAY 27, 2005 , and
responses shall be filed as required by the applicable provisions
of the Federal Rules of Civil Procedure.

[X]  2.  The parties shall by MAY 6, 2005 make the automatic
document disclosure required by Local Rule 26.2(A) and, if
applicable, disclose the information required by Local Rule 35.1

[X]  3.  The parties shall by MAY 6, 2005 make the disclosure
authorized by Local Rule 26.1(B)(1) and (2).

[ ]  4.  Discovery shall initially be limited to the issue(s) of
The Statute of Limitations Defense and Product Identification,
including, the deposition of the plaintiff, her mother, the
pharmacist and the treating physician , and shall be complete by
SEPTEMBER 30, 2005.

Case 1:05-cv-10241-MLW    Document 24    Filed 04/22/2005    Page 2 of 2, a
schedule for filing motions for summary judgment will be
established at this conference.

All provisions and deadlines contained in this Order having
been established with the participation of the parties to this
case, any requests for modification must be presented to the judge
or magistrate judge, if referred for case management proceedings.
Any requests for extension will be granted only for good cause
shown supported by affidavits, other evidentiary materials, or
reference to pertinent portions of the record. The request shall
be made by motion and shall contain the reasons for the request, a
summary of the discovery which remains to be taken, and a date
certain when the requesting party will complete the additional
discovery.
Counsel are encouraged to seek an early resolution of this
matter. Additional case management conferences may be scheduled by
the Court or upon the request of counsel.

By the Court,
DENNIS P. O'LEARY

April 22, 2005                          /s/ Dennis O'Leary
Date                                    Deputy Clerk

2

# Appendix 2

Selection from Defendant's Responses to Plaintiff's First Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY, et al.,

Plaintiffs,

vs.

Civil Action No. 04-0349(ESH/AK)

ELI LILLY AND COMPANY,

Defendant.

## DEFENDANT ELI LILLY AND COMPANY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND/OR TANGIBLE THINGS

COMES NOW defendant Eli Lilly and Company (hereinafter "Lilly"), by and through its attorneys, Foley Hoag, LLP, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, and provides the following responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company.

### PRELIMINARY STATEMENT

As a preface to each and every response to plaintiffs' interrogatories and requests, Lilly qualifies its response by stating that Lilly has not completed its investigation of the facts relating to this case, has not completed its discovery in this action and has not completed its preparation for trial. Lilly reserves the right to amend or supplement these responses as discovery in the case progresses, as new facts are developed and as new information is obtained. Therefore, the following responses are given without prejudice to Lilly's right to produce any additional evidence at trial or in connection with any pretrial proceeding.

Some of the events relevant to this action occurred over sixty (60) years ago. Due to the lapse of time, many of the individuals having personal knowledge of these events are

deceased or otherwise unavailable and many of Lilly's documents are no longer available. As a consequence, Lilly's responses to these interrogatories and requests are necessarily limited by, and subject to, these qualifications.

The term diethylstilbestrol, as used in these responses, refers only to diethylstilbestrol. It does not refer to any chemically similar synthetic estrogen-like substance or to any congener of diethylstilbestrol.

### GENERAL OBJECTIONS

OBJECTION A:    Lilly objects to these interrogatories insofar as they seek information for time periods beyond August 3, 1970, the date of birth for plaintiff Julie Delaney, on the grounds that such information is not relevant to any issue in this lawsuit and would not lead to the discovery of admissible evidence. It is apparent that no action by Lilly, its employees or any other person subsequent to that date could have any effect upon plaintiff Julie Delaney's alleged exposure to diethylstilbestrol.

OBJECTION B: Lilly objects to these interrogatories to the extent they seek information unrelated to the use of diethylstilbestrol for the prevention of certain accidents of pregnancy. The prescription drug, diethylstilbestrol, was approved by the Food and Drug Administration (FDA) for a variety of human uses other than use as an aid in the prevention of certain accidents of pregnancy. These indications did not involve the use of diethylstilbestrol in pregnant women, the only use that plaintiffs allege in their complaint and the only use relevant to this action. Accordingly, information concerning other uses for diethylstilbestrol is irrelevant and has no bearing upon the issues in this case nor is discovery into those uses reasonably calculated to lead to the discovery of evidence admissible at trial.

OBJECTION C: Lilly objects to these interrogatories to the extent they seek information concerning the manufacture, distribution or sale of diethylstilbestrol in sizes and

forms other than 5 and 25mg oral dosage forms, on the grounds that information concerning dosage sizes other than those indicated for use in prevention of accidents of pregnancy is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

OBJECTION D: Lilly objects to these interrogatories to the extent they seek information relating to injuries or adverse effects other than those alleged by plaintiffs on the grounds that such information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

OBJECTION E: Lilly objects to these interrogatories to the extent they seek information protected by the attorney-client and/or the attorney work product privilege.

OBJECTION F: Lilly objects to these interrogatories to the extent that they are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

OBJECTION G: Lilly objects to these interrogatories and definitions on the grounds that they are vague and overbroad to the extent they may exceed the scope of discovery allowed pursuant to the Federal Rules of Civil Procedure.

### INTERROGATORIES

1.    Non-Lilly Contention

Do you contend that Plaintiff Julie Delaney was not exposed to the Lilly brand of diethylstilbestrol ("DES")? If so, state the factual basis of your contention.

RESPONSE: Lilly incorporates herein its objections E and G. Lilly further objects to this interrogatory as an improper attempt by plaintiffs to require Lilly to prepare plaintiffs' case. Lilly further states that plaintiffs have the burden of proving the facts necessary to establish the elements of their alleged cause of action, including the cause of any alleged injuries. Without waiving and subject to its objections, Lilly states that it has not completed its investigation and discovery in this matter, and cannot fully respond to this interrogatory at this

time. Because such information is not within the direct knowledge of Lilly, Lilly can only respond to the extent that the information is obtained through discovery, which is still ongoing. However, documents such as the *American Druggist Blue Book* and the *Drug Topics Red Book* show that many manufacturers had DES available for purchase by Hingham, Massachusetts pharmacies in 1970. The fact that many manufacturers' DES was available for purchase by pharmacies in Hingham, Massachusetts in the relevant time period is evidence that the DES allegedly taken by Plaintiff's mother, prior to her birth, could have been manufactured and sold by companies other than Lilly. Lilly's attorneys are currently investigating this issue and this answer will be supplemented if information responsive to this interrogatory is discovered. At the present time, the witnesses identified by plaintiffs may have information concerning the manufacturer(s) of any medications plaintiff's mother allegedly ingested during her pregnancy with plaintiff.

2.     Witness for Non-Lilly Contention

Identify each and every individual(s) known to you, your attorneys or investigators, who may have any information concerning the identity of the brand of DES as set forth above.

RESPONSE: Lilly incorporates herein its response to Interrogatory No. 1.

3.     White Cross Score

Do you contend that in the year of exposure as set forth in the Complaint, any manufacturer other than you, bottled or distributed DES in the dosage sizes indicated for use in prevention of accidents of pregnancy, as a round, white cross-scored non-imprinted tablet? If your answer is yes, identify the product or the manufacturer and any documents (by date, description or custodian), upon which you rely in making this statement. For your information, it

......... this set of interrogatories and First Request for Production of Documents and/or Tangible Things to Defendant Eli Lilly and Company but that many of the facts set forth in such Responses are not within his personal knowledge, having been assembled and compiled by others within the employ of Eli Lilly and Company at his direction, as to which facts he is informed and believes the same to be true and that the remaining facts are known by him to be true.

Subscribed and sworn to before me this 29th day of July, 2004.

Jean C. Ballinger, Notary Public
Resident of Marion County, IN
My Commission Expires: 01/05/09

96826741

# Appendix 3

Defendant's Initial Disclosure Statement

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JULIE DELANEY and
WILLIAM P. DELANEY

        Plaintiffs,

      v.

ELI LILLY AND COMPANY,

        Defendant.

CIVIL ACTION No. 05-CV-10241 (MLW)

## DEFENDANT ELI LILLY AND COMPANY'S
## INITIAL DISCLOSURE STATEMENT

Defendant Eli Lilly and Company ("Lilly") makes the following initial disclosure

pursuant to Fed. R. Civ. P. 26(a)(1) based upon the information reasonably available to Lilly at

this time. Lilly respectfully reserves the right to amend or supplement this disclosure.

### PRELIMINARY STATEMENT

Some of the events relevant to this action occurred more than sixty (60) years ago. Due

to the lapse of time, many of the individuals having personal knowledge of such events are

deceased or otherwise unavailable and many of Lilly's documents are no longer available. As a

consequence, the information contained in Lilly's Initial Disclosure Statement is necessarily

limited by, and subject to, these qualifications.

Lilly reserves the right to object to the admissibility of any information contained in this

Initial Disclosure Statement. Further, Lilly's disclosures are limited to information prior to the

date of plaintiff's birth.

### I.    Rule 26(a)(1)(A) – People Likely to Have Discoverable Information

The following individuals are likely to have discoverable information that Lilly may use

to support its claims or defenses:

B3031523.1

A.   Individuals identified in plaintiff's Complaint and other materials provided by plaintiff, including, but not limited to:

1.   Julie Lee Delaney
     *Plaintiff's allegations and conditions*
     118 Walnut Street
     Middleboro, MA 02346

2.   William P. Delaney (plaintiff's husband)
     *Plaintiff's allegations and conditions*
     118 Walnut Street
     Middleboro, MA 02346

3.   Barbara Ann O'Leary (plaintiff's mother)
     *Plaintiff's allegations and conditions as well as her own conditions*
     68 Mandalay Road
     South Weymouth, MA 02190

4.   Leo Francis O'Leary (plaintiff's father)
     *Plaintiff's allegations and conditions as well as his wife's conditions*
     68 Mandalay Road
     South Weymouth, MA 02190

5.   Daniel Schust, M.D. (plaintiff's treating physician)
     *Conditions and treatment of plaintiff*
     Department of Obstetrics and Gynecology
     Division of Reproductive Medicine
     Brigham and Women's Hospital
     75 Francis Street
     Boston, MA 02115

6.   Martha Ehrmann, M.D. (plaintiff's treating physician)
     *Conditions and treatment of plaintiff*
     South Shore Women's Health
     851 Main Street, Suite 19
     Weymouth, MA 02190

7.   Darlyne Johnson, M.D. (plaintiff's treating physician)
     *Conditions and treatment of plaintiff*
     South Shore Women's Health
     851 Main Street, Suite 19
     Weymouth, MA 02190

8.   Deborah Wooten, M.D. (plaintiff's treating physician)
     *Conditions and treatment of plaintiff*
     201 River Street
     Norwell, MA 02061

B3031523.1                        - 2 -

9.  Rachel Ashby, M.D. (plaintiff's treating physician)
    *Conditions and treatment of plaintiff*
    Department of Obstetrics and Gynecology
    Division of Reproductive Medicine
    Brigham and Women's Hospital
    75 Francis Street
    Boston, MA 02115

10. Rafik Mansour, M.D. (plaintiff's treating physician)
    *Conditions and treatment of plaintiff*
    Boston Health Care for Women
    500 Brookline Ave., Suite A
    Boston, MA 02115

11. Elena Yanushpolsky, M.D. (plaintiff's treating physician)
    *Conditions and treatment of plaintiff*
    Department of Obstetrics and Gynecology
    Division of Reproductive Medicine
    Brigham and Women's Hospital
    75 Francis Street
    Boston, MA 02115
    617-732-4648

12. Dr. Patricia McShane (plaintiff's medical expert)
    *Causation*
    P.O. Box 9
    Lexington, MA 02420-0001
    800-858-4832

B.  Individuals identified by Lilly as experts on causation, state of the art,
    epidemiology, and efficacy:

    1.  A. Brian Little, M.D.
        *State of the Art/ Efficacy*
        Department of Obstetrics and Gynecology
        UMDNJ- New Jersey Medical School
        185 South Orange Avenue
        MSB E506
        Newark, NJ 07103
        973-972-4127

    2.  Eugene D. Albrecht, Ph.D.
        *Reproductive Endocrinologist on Efficacy*
        Department of Obstetrics and Reproductive Systems
        University of Maryland School of Medicine
        Bressler Research Laboratories, 11-017
        655 West Baltimore Street

Baltimore, MD 21201
410-706-3391

3.    Richard E. Blackwell, Ph.D., M.D.
*Reproductive Endocrinologist on Causation*
Professor of Obstetrics and Gynecology
UAB School of Medicine
Department of Obstetrics and Gynecology
555 Old Hillman Building
618 20th Street South
Birmingham, AL 35249-7333
205-934-6090

4.    Karin E. Michels, Sc.D.
*Epidemiology*
Assistant Professor of Obstetrics, Gynecology and Reproductive Biology
Harvard Medical School
Obstetrics and Gynecology Epidemiology Center
221 Longwood Avenue
Boston, MA 02115
617-732-8496

C.    Don Carlos Hines, M.D. (Deceased)
*Safety, Efficacy, Testing, FDA, NDA, and Lilly Factual Information relating to diethylstilbestrol*
(By prior testimony; transcripts of Dr. Hines' testimony are available.)

D.    Edith M. Potter, M.D. (Deceased)
*Safety and Efficacy of diethylstilbestrol*
Non-Lilly Employee
(By prior testimony; transcripts of Dr. Potter's testimony are available.)

E.    Theodore G. Klumpp, M.D. (Deceased)
*FDA matters relating to diethylstilbestrol*
Non-Lilly Employee
(By prior testimony; transcripts of Dr. Klumpp's testimony are available.)

F.    Lilly Employee(s) or Former Employee(s) in sales area who may become relevant as facts are developed. To be determined.

This list is based upon the allegations contained in plaintiff's Complaint and on plaintiff's

written discovery responses. Lilly anticipates that discovery into plaintiff's allegations may

reveal additional individuals likely to possess discoverable information that Lilly may use to

B3031523.1             - 4 -

support its claims or defenses. Lilly will supplement this list to the extent necessary if additional
individuals likely to possess discoverable information are identified.

**II.      Rule 26(a)(1)(B) – Relevant Documents and Tangible Things**

Lilly has made available to plaintiff's attorneys, in DES litigation unrelated to this case, a
copy of relevant documents and tangible things in Lilly's possession, including Lilly's New
Drug Application files for diethylstilbestrol, Lilly's product literature files for diethylstilbestrol,
and certain correspondence that Lilly has identified as exhibits in other DES cases.

Lilly anticipates that discovery into plaintiff's allegations may reveal additional
information or plaintiff may have specific requests for documents or tangible things. Lilly
expects that documents relevant to this action will include medical records from plaintiff, spouse
and mother, and documents and tangible things listed in plaintiff's Initial Disclosure Statement.
Lilly reserves the right to update this list as additional information becomes available or is
requested by plaintiff.

**III.     Rule 26(a)(1)(C) – Computation of Damages**

Not applicable.

**IV.     Rule 26(a)(1)(D) – Insurance Information**

Lilly states that the issues surrounding Lilly's insurance coverage for diethylstilbestrol
claims are complex. Because of disputes over possible insurance coverage, Lilly filed a lawsuit
against certain insurance carriers who Lilly claimed had responsibility to provide coverage for
certain diethylstilbestrol claims. This lawsuit resulted in several decisions, including opinions of
the United States Court of Appeals for the District of Columbia, 794 F.2d 710 (D.C. 1986), and
the Indiana Supreme Court, 482 N.E.2d 467 (Ind. 1985).

The litigation between Lilly and its insurers has been settled. The terms and conditions
of the settlement agreement are confidential. The parties to the litigation, including Lilly, are

B3031523.1                           - 5 -

precluded from disclosing the agreement or its contents by an order entered on November 18,

1987, by the United States District Court for the District of Columbia.

Lilly further states that it has currently available sufficient unencumbered assets to pay

the damages alleged by plaintiffs in this action.

This disclosure is based on information reasonably available to Lilly as of the date of this

disclosure. In making this disclosure, Lilly does not represent that it is identifying every

individual, document, or tangible thing upon which it may rely to support its claims or defenses,

nor does Lilly waive its right to object to production or to the use in this proceeding of any

document or tangible thing on the basis of any privilege, the work product doctrine, relevancy,

undue burden, competency, materiality, hearsay or any other valid objection. Rather, Lilly's

disclosure represents its good faith effort to identify information as required by Fed. R. Civ. P.

26(a)(1).

Respectfully submitted,

ELI LILLY AND COMPANY

By Its Attorneys,

James J. Dillon (BBO # 124660)
Brian L. Henninger (BBO # 657926)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02111-2600
617-832-1000

Dated: May 6, 2005

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Initial Disclosure Statement was served on May 6, 2005 by .pdf file via electronic mail, upon:

Aaron M. Levine, Esq.
Aaron M. Levine and Associates
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
**Attorneys for Plaintiffs**

# Appendix 4

Selection from Plaintiff's Answers to Defendant's First Interrogatories

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIE DELANEY and WILLIAM P.      ]
DELANEY                           ]
                                  ]
              Plaintiffs,         ]
                                  ]
       v.                         ]     CIVIL ACTION No. 04-CV-00349 (ESH)
                                  ]
ELI LILLY AND COMPANY,            ]
                                  ]
              Defendant.          ]

## PLAINTIFF JULIE DELANEY'S
## ANSWERS TO DEFENDANT ELI LILLY AND COMPANY'S
## FIRST SET OF INTERROGATORIES

1.    Please state your full legal name, your social security number and your date and place of birth, including the name and address of the hospital at which you were born, if any. If you have ever been known by any other name or names, please state each such name and where and when such other name was used.

ANSWER:    a.    Julie Lee Delaney

           b.    SSN: 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

           c.    DOB: 8/3/70

           d.    Quincy City Hospital, 114 Whitwell Street, Quincy, MA 02169

           e.    Julie Lee O'Leary (1970 - 1997)
                 Julie Lee Delaney (1997 - present)

2.    Please state your present residential address and all former residential addresses and the inclusive dates for each.

ANSWER:    a.    118 Walnut Street
                 Middleboro, MA 02346
                 (2000 - present)

           b.    48 Russell Road
                 Weymouth, MA 02190

3.      Please state your marital status. If married, please state your spouse's full legal
name, his residential address and the date of your marriage. If formerly married, for each
spouse, please state his full legal name, his present residential address, the date of your marriage,
the date of its termination, and the method by which it was terminated (e.g., annulment, divorce,
death of spouse).

ANSWER:   a.      Married

          b.      William Paul Delaney

          c.      Address: 118 Walnut Street, Middleboro, MA 02346

          d.      Date of Marriage: 3/15/97

4.      Please state the full legal name of each of your parents, including your mother's
maiden name, their places and dates of birth and their current residential address or addresses. If
either of your parents is deceased, please state the date, place and cause of death.

ANSWER:   a.      Mother: Barbara Ann O'Leary

                  i.      Barbara Ann Kuja

                  ii.     DOB: 7/1/29

                  iii.    Place of Birth: Quincy, MA

                  iv.     Address: 68 Mandalay Road, South Weymouth, MA 02190

          b.      Father: Leo Francis O'Leary

                  i.      DOB: 11/26/30

                  ii.     Place of Birth: Boston, MA

                  iii.    Address: 68 Mandalay Road, South Weymouth, MA 02190

5.      Please state the address of each residence of your mother for the period beginning
five years prior to the date of birth of your mother's first child through the present.

ANSWER:    a.    50 Shawmut Street
                  Quincy, MA 02169
                  (Previously)

           b.    7 Belmont Street
                  Wollaston, MA 02171
                  (1958 - 1963)

           c.    223 Ralph Talbot Street
                  South Weymouth, MA 02190
                  (1963 - 1970)

           d.    68 Mandalay Road
                  South Weymouth, MA 02190
                  (1970 - present)

6.    If you contend that your mother took diethylstilbestrol ("DES" or "stilbestrol")
during her pregnancy with you, please state the name and address of each physician who
prescribed it; if any physician who prescribed DES is deceased, please state the name and
address of the current custodian of his or her medical records; and please state the purpose for
which the drug was prescribed.

ANSWER:    a.    Quincy OB-GYN, including Drs. Carey, McKeogh, Sullivan, Cotter and
                  Doyle

           b.    Address: 30 Beach Street, Quincy, MA 02170

           c.    Quincy OB-GYN is the current custodian of medical records.

           d.    Stilbestrol prescribed to prevent miscarriage.

7.    Please identify, by name and address, each pharmacy or other supplier that
dispensed the DES allegedly ingested by your mother while pregnant with you. If you do not
know the name of the pharmacy, please state the name and address of each pharmacy or retail
drug outlet that was patronized by your mother or father during the twelve months that preceded
your birth.

ANSWER:    Plaintiff's mother's recollection is that she purchased the DES in Hingham, MA.

Plaintiff reserves the right to supplement this answer as discovery progresses.

8.    Describe in detail the physical appearance of the diethylstilbestrol you allege your
mother ingested, including its form (for example, pill, injection, capsule), the shape, color, or
size of any pill, tablet or capsule, the dosage of the DES your mother took, and any markings
that may have appeared on the product.

preparation with declarant.

I SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE INFORMATION CONTAINED IN THE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Dated:   4/26/04

JULIE DELANEY, Declarant

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
1320 19th Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 833-8040

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of June, 2004, a true and correct copy of the foregoing Plaintiff Julie Delaney's Answers to Defendant Eli Lilly and Company's First Set of Interrogatories was served via first class, postage prepaid, U.S. Mail, on counsel for Defendant:

James J. Dillon, Esq.
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

Lawrence H. Martin, Esq.
FOLEY HOAG LLP
1875 K Street, N.W.
Suite 800
Washington, D.C. 20006

Aaron M. Levine

# Appendix 5

Selection from the <u>Drug Topics Red Book</u>

1960 EDITION

# Drug Topics  Red Book

SEVENTY-SECOND YEAR OF PUBLICATION

## manufacturers catalogs

| | |
|---|---|
| Allergan Pharmaceuticals | 129 |
| Albay | 82 |
| Ar-Ex Products Co. | 45 |
| Archer, B. F., & Co. | 52, 53 |
| Ayerst Laboratories | 61-77 |
| Ames-Hart Pharmaceuticals | 61 |
| Becton-Dickinson | 84-85 |
| Boyle-Midway Division | 93 |
| Breon Laboratories | 98-101 |
| Bristol Laboratories | opposite 80 |
| Bluemmel Pharmaceuticals | 102 |
| Brown Pharmaceutical Co. | 136 |
| Columbia Medical Co. | 127 |
| Dorsey Laboratories | opposite 144 |
| Drug Package, Inc. | opposite 550 |
| Evenflo Products | 9 |
| Ex-Lax, Inc. | 100 |
| Fuller Pharmaceutical Co. | 192 |
| Geigy Pharmaceuticals | 199-218 |
| Gibson Greeting Cards | opposite 240 |
| Goodrich, B. F., & Co. | Inside Back Cover |
| Hankscraft Co. | 227 |
| Homer Higgs Associates, Inc. | 253 |
| Ives Laboratories | 250-251 |
| Jeffrey Martin | 384 |
| Knoll Pharmaceutical Co. | 281 |
| Lakeside Laboratories | 265 |
| Lehn & Fink | 271 |
| Lippincott, J. B., Company | 7 |
| Massengill, S. E., Co. | 287 |
| Maybelline Co. | 288 |
| McKesson Laboratories | opposite 504 |
| McNeil Laboratories, Inc. | 291 |
| Merck & Co., Inc. (Publications) | 5 |
| National Drug Co., Inc. | opposite 388 |
| Norco Corp. | 309 |
| Nion Corp | 310 |
| Orbit Pharmaceutical Co., Inc. | 325 |
| Organon, Inc. | 327 |
| Penetray Corp. | 340 |
| Pfeiffer Co., The | opposite 568 |
| Pfizer Laboratories | 359-351 |
| Philips Roxane | 356-357 |
| Putnam-Moore Co. | 362-365 |
| Polk Miller | opposite 16 |
| Poythress, Wm. P., Co. | 375 |
| Professional Pharmacal Co., Inc. | 104 |
| Purdue Frederick Co. | 381 |
| Robinson Laboratory | 240, 387 |
| Rorer, William H., Inc. | 399 |
| Sandoz Pharmaceuticals | opposite 403 |
| Schering Corp. | 406-419 |
| Schieffelin & Co. | 418 |
| Schmid, Julius, Inc. | Inside Front Cover |
| Searle, G. D., & Co. | opposite 432 |
| Sherman Laboratories | 420 |
| Smith, Kline & French Laboratories | 425 |
| Stiefel Laboratories | opposite 434 |
| Strasenburgh Laboratories | 427-440 |
| Stuart Company | 442 |
| Sylvania | 467 |
| United Laboratories | 492 |
| Victor Comptometer | 493 |
| Wallace Laboratories | 502-512 |
| Wampole Laboratories | 514 |
| Warren-Teed Pharmaceuticals, Inc. | 513 |
| Webster, William A., Co., The | 442 |

## contents

| | |
|---|---|
| Pharmacist's Reference | 8 |
| Product Information | 10 |
| List of Manufacturers | 581 |
| Index to Advertisements | 581, 582, 583 |

## CROSS-INDEX

| | |
|---|---|
| Dosage Tables | 537 |
| Drug Abuse Control Products | 10, 11, 12, 13, 14, 15 |
| Fair Trade Laws | 8 |
| Latin Words and Phrases | 576 |
| Livestock Health | 17 |
| Mathematics for Pharmacists | 536 |
| Metropolitan Pharmaceutical Secretaries Association | 9 |
| National Drug Associations | 6 |
| Pet Health Section | 16 |
| Pharmaceutical Reference Books | 6 |
| Prescription Department Requirements | 4 |
| Secretaries of Associations | 8, 9 |
| Solutions Tables | 536 |
| State Associations | 8 |
| State Pharmacy Boards | 8 |
| Veterinary | 16, 17 |
| Weights and Measures | 530 |

## Drug Topics Red Book

Published Annually

Harrison S. Fraker . . . . . . Publisher
Walter Cousins, Jr. . . . . . . Editor

### EDITORIAL STAFF

George Klinger . . . . Editorial Director
Dr. Fred D. Lascoff . Editorial Advisor
Arthur Shart . . . . Compilation Editor
Mary Traverson . . . Associate Editor
Harry Marcus, Ph.C. . Assistant Editor
Andrew Johnson, Ph.C.
. . . . . . . . . . . . . . Assistant Editor
Valerie Mabry . . . . . . Assistant Editor
Eugene Prinz . . . . . . Assistant Editor
Edith Upton . . . . . . Assistant Editor
Rachel Swogar . . . . . Assistant Editor
Anna Semlyo . . . . . . Assistant Editor
Bessie Aldon . . . . . Assistant Editor

### BUSINESS STAFF

Joseph Corny . . . . Business Manager
Jerome Levine . . . . Service Manager
Edith Cambi . . . . Ass't to Service Mgr.
Gloria Dwyer . . Circulation Manager
John Polick . . . . . . . . . . Treasurer

#### Field Managers

New York: Robert Moffatt, William F. Diaz, Thomas Byrne, E. C. Weymouth, Jr., Paul R. Savage, Henry J. Coville.
New England: Martin J. Eberhardt;
Chicago: John J. Walsh, Richard Sutton;
Cleveland: Lawrence A. Martin;
Los Angeles: Thomas Robert Flanagan;

...tiol, compounded with glyceryl monostearate, peanut oil, glycerin, benzoic acid, glutamic acid and water.

● **Indications:** Indicated in the treatment of senile vaginitis in postmenopausal women, atrophic vaginitis, pruritic vulvae caused by atrophic changes in the vulval epithelium, dyspareunia associated with atrophic vaginal epithelium, and prior to plastic pelvic surgery in menopausal cases.

● **Contraindications:** Malignancies or precarcinomatous lesions of the vagina or vulva.

● **Precautions:** In pruritis vulvae due to infectious conditions, the organism responsible for the infection should be treated with a specific agent.

● **Dosage:** One or two applicatorsful per day for one or two weeks, then gradually reduced to one-half initial dosage for a similar period. A maintenance dosage of one applicatorful, one to three times a week may be used after reduction of the vaginal mucosa has been achieved.

● **Packaging:** 78 Gm tube with or without the ORTHO Measured-Dose Applicator.

ORTHO PHARMACEUTICAL
CORPORATION
Raritan, New Jersey 08869

# Appendix 6

In re Complex DES Litigation, No. 830109 (Cal. Sup. Ct. Jul. 29, 1988)

373
plgs

FILED

San Francisco County Superior Court

JUL 29 1988

DONALD W. DICKINSON, Clerk
BY _____
                    Deputy Clerk

CALIFORNIA SUPERIOR COURT

CITY AND COUNTY OF SAN FRANCISCO

DEPARTMENT NUMBER EIGHTEEN

| | | |
|---|---|---|
| In re: | ) | NO. 830109 |
| | ) | |
| COMPLEX DES LITIGATION. | ) | GENERAL ORDER NO. 29: |
| | ) | ORDER APPROVING MATRIX |
| | ) | |

        The court continues to address "the practical problems

involved in deferring the market and determining the market

share," as conceived in Sindell v. Abbott Laboratories (1980) 26

Cal.3d 588.   General Order No. 26 attempted to define the market

under the broad concepts of Sindell.   On March 31, 1988, a

unanimous Supreme Court affirmed prior General Orders of this

court and gave specific guidance for the formulation of a market

share equation.   The case of Brown v. Superior Court (1988) 44

C.3d 1049 has resolved the issues which this court attempted to

formulate inferentially from the language of Sindell.

        The Brown opinion affirmed this court's ruling that the

defendants could not be held strictly liable for the alleged

defects in DES but only for their failure to warn of known or

1   knowable side effects of the drug.  The court further affirmed

2   that neither breach of warranty nor fraud will lie in an action

3   based on the market share theory.  Finally, the Brown opinion

4   affirmed the previous general order precluding joint and several

5   liability.  The Supreme Court specifically held that under

6   Sindell a defendant is only severally liable for its actual

7   market share and concluded that the ". . . . imposition of joint

8   liability on defendants in a market share action would be

9   inconsistent with this rationale." Brown, supra, p. 1075.

10          The market share fashioned by this court must ". . .

11  achieve as close an approximation as possible between a DES

12  manufacturer's liability for damages and its individual

13  responsibility for the injuries caused by the product it

14  manufactured."  Brown, supra, p. 1075.

15         The mandate of the Brown decision requires a reexamination

16  of the application of General Order No. 26.  It is clear from the

17  evidence that the market shares developed in accord with the

18  guidelines of General Order No. 26 result in inflated shares to

19  many companies.  Such an inflation was specifically and

20  unequivocally rejected in Brown, supra.

21              ". . . . Each defendant would be held liable
                for the proportion of the judgment represented
22              by its market share, and its overall liability
                for injuries caused by DES would approximate
23              the injuries caused by the DES it manufactured.
                A DES manufacturer found liable under this
24              approach would not be held responsible for
                injuries caused by another producer of the
25              drug.  The opinion acknowledged that only an
                approximation of a manufacturer's liability
26              could be achieved by this procedure, but
                underlying our holding was a recognition that
27              such a result was preferable to denying
                recovery altogether to plaintiffs injured by
28              DES." Brown, supra, p. 1074.

1    Thus, the court finds that it must modify its opinion of
2    General Orders No. 26 and 27 and hold that the Sindell concept
3    of likelihood as defined by Brown is to develop a matrix which
4    attempts to ascribe only the actual market shares of the known
5    companies in the DES market during the relevant times.
6        The court finds, consistent with its holding in General
7    Order No. 26, that Dr. Grabowski ". . . adopted a clear,
8    reasonable, and comprehensive approach to establishing a
9    reliable calculation for determining the market shares."
10   General Order No. 26, page 11. When examining Dr. Grabowski's
11   methods in light of Brown, the only conclusion is that the court
12   must adopt the matrix offered as Exhibit B to his Declaration
13   introduced as Exhibit No. 202 to Phase Three, Market Share
14   Trial. The court expressly had adopted Dr. Grabowski's method
15   because the determination of the denominator was a clear
16   approach with a reality check that was reasonable.
17       Therefore, the court now finds that the matrix for a
18   determination of a market share of an individual company in the
19   relevant Sindell market shall be that set forth at Exhibit B to
20   Dr. Grabowski's Declaration as explained at the Matrix Hearing
21   on April 22, 1988.
22       The court finds that ascribing "nominal shares" to those
23   companies without data does not comport with the mandate of
24   Brown and the court finds that the assignment of nominal share
25   would be of no assistance to a plaintiff in establishing a
26   substantial share threshhold.
27       Brown clearly points out that the market share theory is
28   a carefully crafted balance between no remedy for a plaintiff

1  and the imposition of liability on defendants who are sued

2  despite there being likelihood that their products could have

3  caused a plaintiff's alleged injury.  Brown, supra, at p. 1075.

4  The principle is that Sindell does not guarantee recovery but

5  assures recovery where a reasonable likelihood of the cause of

6  harm can be established.

7       The court now orders that Exhibit B shall be

8  determinative of market shares for the purpose of establishing

9  liability in all cases in this complex litigation.

10      Liaison counsel for defendants shall cause a copy of the

11  matrix to be served on all parties.

12      DATED:  July 29, 1988

13

14

15                                   _____
                                     DANIEL M. HANLON
16                                   Judge of the Superior Court

17

18

19

20

21

22

23

24

25

26

27

28

000002

"LIKELIHOOD" SHARE VALUES AS PER GENERAL ORDER 263 - 25 NO

| NAME \ YEAR | 1958 | 1959 | 1960 | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 | 1967 | 1968 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ABBOTT DRUG | 0.8627 | 0.7218 | 0.5089 | 0.7218 | 0.0728 | 0.0728 | 0.0728 | 0.0728 | 0.0728 | 0.0728 | 0.0728 |
| PACKTON PHRCM | 0.0728 | 0.0728 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 |
| PACKTON PHRCM | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 7.0145 | 2.2068 | 4.3002 | 2.2902 | 2.2902 | 2.2902 | 2.2902 |
| PFIZER-DEWIT | 7.1190 | 10.3831 | 11.3774 | 5.1874 | 7.9471 | 7.0145 | 4.7897 | 4.7897 | 3.5567 | 3.5567 | 1.9949 |
| AUGUS | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.0867 | 0.0867 | 0.0867 | | |
| ATLAS | 0.0331 | 0.0331 | 0.0331 | 0.0221 | 0.0110 | 0.1733 | 0.1733 | | | | |
| BOGGS-HIND PHRCM | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.5302 | |
| BORRE | 0.0456 | 0.2600 | 0.3660 | 0.4445 | 0.5149 | 0.5149 | 0.5149 | 0.5149 | 0.5532 | 0.6021 | |
| BORRE DRUG | 0.1494 | 0.2575 | 0.0645 | 0.1712 | 0.1733 | | | | 0.0903 | | |
| BEYNAT PHRCM | 2.9544 | 3.9875 | 1.9876 | 1.9876 | | | | | | | |
| BECKER | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.1941 | |
| BOYLE | | | | | | | | | | 0.3482 | |
| BRYNAT PHRCM | 0.1526 | 0.1095 | 0.0614 | 0.0005 | | | | | | | |
| CARROLL CHEM | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.2714 | 0.1809 | |
| CHASE CHEM | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | | | | | |
| CHICAGO PHRCM | 0.1459 | 0.1459 | 0.1459 | 0.0912 | 0.0486 | | | | | | |
| CIBA | 0.1536 | 0.1536 | 0.5150 | 0.7234 | 0.8850 | 0.9423 | 0.9171 | 1.0237 | 1.0784 | 1.0063 | |
| COLUMBIA | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | 0.2902 | |
| COOLEY | 0.1426 | 0.1426 | 1.2426 | | | | | | | | |
| DIRECT LINES | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | 0.2020 | |
| DUPONT PHRCM | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | 0.4160 | |
| EXCEL | 0.3147 | 0.3147 | 0.2951 | 0.2951 | 0.2850 | 0.0745 | 0.0745 | | | | 0.2774 |
| EXCEL | | | 2.2481 | 2.2481 | 2.2481 | 1.2424 | | | | | |
| JPW LINES | 0.6130 | 0.6130 | 0.6130 | 0.6130 | 0.6130 | 0.0459 | 0.0459 | 0.1889 | 0.5033 | 0.6206 | |
| X A W PRODS | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | |
| EXCEL | 0.1608 | 0.1608 | 0.1608 | 0.1608 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 |
| FRANCHY | 0.2600 | | | | 0.2371 | 0.0536 | | | | | |
| GOLD LEAF PHRCM | 0.1354 | 0.1354 | 0.1354 | 0.1354 | 0.1354 | 0.2701 | 0.2660 | 0.3965 | 0.5431 | 0.6021 | |
| HAWCX LINES | 1.2426 | 1.2426 | 1.2426 | 1.2426 | 1.2426 | 1.3284 | 0.1354 | 0.1354 | 0.1354 | 0.1354 | |
| HAWCX LINES | 0.3732 | 0.3732 | 0.3732 | 0.3732 | | | | | | | |
| JPW LINES | 0.0611 | 0.0611 | | | | | | | | | |
| KEY | 0.0177 | 0.1441 | 0.1954 | 0.1140 | | | | | | | |
| KREYZOM | | | | | | | | | | | |
| KREYCES DESIGN | 0.2328 | 0.3752 | 0.3752 | 0.3914 | 0.0535 | 0.0351 | 0.0250 | 0.0222 | 0.0175 | 0.0121 | |
| LAMMETT | 0.1416 | 0.1416 | 0.1416 | 0.1416 | 0.0944 | 0.0472 | | | | | |
| TILLY | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | 0.1214 | |
| LIFE LINES | 20.1171 | 21.1571 | 25.7125 | 31.6982 | 31.7405 | 23.2534 | 27.9400 | 35.4141 | 34.1415 | 35.1788 | |
| LUSTGARTEN | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 | 0.5305 |
| MALLINCKRODT | 1.0338 | 0.8945 | 1.0251 | 1.0031 | 0.8734 | 0.2042 | 0.0477 | | | | |
| NANCY | 1.0023 | 0.0919 | 0.0919 | 0.0621 | 0.0355 | | | | | | |
| MASSENGILL | 1.3900 | 1.4582 | 1.6511 | 0.9980 | | | | | | | |
| RAYSUND | 0.1713 | 0.1713 | 1.3563 | | | | | | | | |
| MENCK | | | | | | | | | | | |
| MERCK | 0.5525 | 0.5354 | 0.4232 | 0.2179 | 0.0496 | | | | | | |
| MEYER CHEM | 0.1798 | 0.2373 | 0.1223 | 0.2927 | 0.2927 | 0.2927 | 0.1951 | 0.0976 | | | |
| MORTON | 0.2927 | 0.2927 | 0.2927 | | | | | | | | |
| MATIONAL DRUG | 0.0236 | | | | | | | | | | |
| MATIONAL DRUG LABS | 0.0213 | 0.0763 | 0.0743 | 0.0813 | 0.0713 | 0.0509 | 0.0254 | | | | |
| MORWICH PHRCM CO | 0.0763 | | 0.0446 | 0.0813 | 0.1213 | 0.1213 | 0.1213 | 0.1219 | 0.1219 | 0.1219 | 0.1219 |
| MYRX DRUG | 0.1986 | 0.2973 | 0.2973 | 0.2973 | 0.2973 | 0.2973 | 0.2973 | 0.1986 | 0.0093 | | |

'LIKELIHOOD' SHARE VALUES (AS PER GENERAL ORDER 26) - 25 MG

000021

| NAME / YEAR | 1958 | 1959 | 1960 | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 | 1967 | 1968 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PEARSON & COOLEY | 0.6642 | 0.6386 | 0.3956 | 0.3006 | 0.2111 | 0.1097 | | | | | |
| PHYS'S DRUG & SUPPLY | 0.7289 | 0.7289 | 0.7289 | 0.7289 | 0.7289 | 0.4859 | 0.2430 | | | | |
| PREND | | | | | | 1.3207 | 1.5074 | | | | |
| PRESTON LABS | 0.8629 | 0.7558 | 0.8416 | 0.9331 | 1.1117 | | | 0.9374 | 0.4774 | | |
| RAYMER | 0.0056 | 0.0028 | | | | | | | | | |
| REPUBLIC | 0.0161 | 0.0151 | 0.0240 | 0.0127 | 0.0131 | | | | | | |
| REXALL | 0.7717 | 0.7714 | 0.7595 | 0.6606 | 0.5626 | 0.4812 | 0.4756 | 0.4109 | 0.3776 | 0.2955 | |
| RICHLYN | 0.0581 | 0.0550 | 0.0557 | 0.0534 | 0.0479 | 0.0384 | 0.0372 | 0.0278 | 0.0260 | 0.0252 | |
| ROGER | 0.1199 | 0.1030 | 0.0734 | | | | | | | 0.1925 | 0.0170 |
| ROWELL | 0.1734 | 0.1105 | | | | | | | | | |
| SMITH, CARROLL, DUMONT | 0.1823 | 0.3305 | 0.3591 | 0.2732 | | 0.1826 | 0.1336 | 0.1023 | 0.0680 | 0.0412 | |
| SMITH DORSEY | 0.1650 | 0.0100 | 0.0100 | 0.0100 | | | | | | | |
| SQUIBB | 5.2045 | 5.5077 | 6.3696 | 7.3307 | 7.5925 | 6.8375 | 6.7075 | 6.0069 | 5.8306 | 4.0346 | 4.0346 |
| STANLEY | 0.5797 | 0.5233 | 0.8905 | 1.1836 | 1.7611 | 2.2461 | 2.2490 | 1.8150 | 2.1831 | 5.5719 | 5.8106 |
| STAYNER | 0.2604 | 0.2632 | 0.2575 | 0.2699 | 0.3080 | 0.3173 | 0.3387 | 0.3899 | 0.3986 | 0.4153 | 0.4803 |
| STRASENBURG | | | | | | | | | | | |
| TAYLOR LABS | 0.9061 | 0.9061 | 0.9061 | 0.9061 | 0.6041 | 0.3020 | 0.7224 | 0.5197 | 0.1716 | 0.0000 | |
| TOWNE PAULSON | 0.6085 | 0.5257 | 0.5221 | 0.6014 | 0.8001 | 0.8001 | 0.2944 | 0.2629 | 0.2471 | 0.1863 | 0.1209 |
| TUTAG | 0.2877 | 0.3055 | 0.2742 | 0.2851 | 0.3038 | 0.2587 | | | | | |
| ULMER | 0.0100 | | | | | | | | | | |
| UPJOHN | 0.5035 | 0.5979 | 0.5349 | 0.5445 | 0.1887 | 0.0650 | 0.0792 | 0.0584 | 0.0512 | | 0.0256 |
| VITARINE | 0.1542 | 0.1431 | 0.1385 | 0.1514 | 0.1236 | 0.1144 | 0.4436 | 0.2418 | | | |
| V.I.C.E. | | | | | | | | | | | |
| WEBSTER | 0.7255 | 0.7255 | 0.7255 | 0.7255 | 0.7255 | 0.7255 | | | | | |
| WESTWOOD | | | | | | 0.4891 | 0.5222 | 0.5011 | 0.6146 | 0.6440 | 0.8950 |
| | | | | | | | 0.3806 | 0.4383 | | | |
| TOTAL UNALLOCATED SHARE | 34.7065 | 23.0635 | 24.5566 | 21.1815 | 24.1187 | 30.9100 | 36.1194 | 44.5617 | 39.1859 | 37.7208 | 41.9087 |
| TOTAL ALLOCATED SHARE | 65.2935 | 76.9364 | 75.4454 | 78.8185 | 75.8813 | 69.0900 | 63.8806 | 55.4383 | 60.8141 | 62.2792 | 58.0913 |

"LIKELIHOOD" SHARE VALUES (AS PER GENERAL ORDER 24) - 25 MG

| NAME | YEAR 1969 | 1970 | 1971 |
|------|-----------|------|------|
| ABBOTT | | | |
| AMERICAN DRUG | 0.0728 | 0.0405 | 0.0243 |
| AMERICAN PHARM | 5.0202 | 5.0202 | 5.0202 |
| PFIZER-GENAT | 2.5161 | 5.4070 | 9.3330 |
| ARGUS | | | |
| ATLAS | 0.0100 | | |
| BAKER | | | |
| BARNES-HIND PHARM | 0.5074 | 0.5110 | 0.6700 |
| BARNE DRUG | | | |
| BAXTER | | | |
| BAYER | | | |
| BRYANT PHARM | | | |
| BURROUGHS WELLCOME | 0.0905 | | |
| CARNRICK | | | |
| CARROLL CHEM | | | |
| CHASE CHEM | | | |
| CHICAGO PHARM | | | |
| CIBA | 0.6765 | 0.3406 | 0.0967 |
| COBE CHEMICAL CO. | 0.2902 | 0.1935 | 0.1347 |
| COLUMBIA | 0.2020 | 0.2020 | |
| COOLEY | 0.1347 | | |
| DIRECT LABS | | | |
| DUPONT PHARM | | | |
| EMPIRE DRUG | 0.1315 | 0.0076 | 0.0438 |
| ELKINS | | | |
| EXCEL | | | |
| FREGORY | 0.3754 | 0.1320 | |
| GOLD LEAF PHARM | 0.1451 | | |
| HANCX LABS | | | |
| HALSEY | 0.4905 | 0.2044 | |
| HANCE & WHITE | | | |
| IMPROX | 0.6130 | 0.6130 | 0.6130 |
| JAW LABS | 0.2600 | 0.1733 | 0.0867 |
| K & W PRODS | | | |
| KEY | 0.0081 | 0.0032 | 0.0107 |
| KIRKMAN | | | |
| KEENERS NORMAN | 0.1214 | 0.1214 | 0.1214 |
| LANNETT | | | |
| LIFE LABS | | | |
| LILLY | 33.5739 | 34.3265 | 43.4455 |
| LINCOLN | | | |
| LOSTGRETEN | 0.5305 | 0.2537 | 0.1760 |
| MANEY | | | |
| MASSENGILL | | | |
| MALLINCKRODT | | | |
| MYRAND | | | |
| MCNEIL | | | |
| MERCK | | | |
| MEYER CHEM | | | |
| NORTON | | | |
| NATIONAL DRUG | | | |
| NATIONAL DRUG LABS | | | |
| NORWICH PHARM. CO. | 0.1219 | 0.1219 | 0.0813 |
| PHILA DRUG | | | |

000022

# Appendix 7

Selections from the New York DES Matrix

# NY SETTLEMENT SHARES 25 MG

"SJ" represents that the corresponding company has been granted summary judgment in the NY Market Share proceeding. All shares are expressed as percentages.

| | 1959 | 1960 | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 | 1967 | 1968 | 1969 | 1970 | 1971 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ABBOTT | 0.8067 | 0.5597 | 0.1210 | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| AMERICAN HOME PROD | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| AMERICAN PHARM | 5.5222 | 5.5222 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 | 5.0202 |
| AMFRE GRANT (EMONS | 8.3067 | 9.1019 | 7.7403 | 6.3593 | 5.6276 | 4.9654 | 3.4402 | 3.8318 | 2.8454 | 1.5959 | 2.0129 | 4.3256 | 7.4664 |
| AYERST LABORATORIE | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| BARRE | 0.1319 | 0.2833 | 0.3668 | 0.4275 | 0.4445 | 0.4712 | 0.4585 | 0.5149 | 0.5392 | 0.5032 | 0.5074 | 0.5110 | 0.6708 |
| BOEHRINGER INGELHEI | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| BOYLE | 0.1744 | 0.1643 | 0.0778 | 0.0068 | | | | | | | | | |
| BREON | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| BREWER | 4.2639 | 2.1864 | | | | | | | | | | | |
| BRYANT PHARM | 0.6406 | 0.6406 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.5824 | 0.3882 | 0.1941 | | | |
| CARNRICK | 0.1205 | 0.0675 | 0.0265 | | | | | | | | | | |
| CHASE | 0.2860 | 0.2860 | 0.2600 | 0.2600 | 0.2600 | 0.2600 | 0.1733 | 0.0867 | | | | | |
| CIBA | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| COLE | | | | | | | | | | | | | |
| DEXTER | | | | | | | | | | | | | |
| EVRON | 0.1447 | 0.1447 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.1315 | 0.0876 | 0.0438 |
| HAACK LABS | 1.3669 | 1.3669 | 1.2426 | 1.2426 | 1.2426 | 0.8204 | 0.4142 | 0.1888 | 0.5033 | 0.6206 | 0.4905 | 0.2044 | SJ |
| HALSEY | 0.1450 | 0.2361 | 0.3057 | 0.2850 | 0.2222 | 0.0785 | 0.0459 | | | | | | |
| HANCE & WHITE | 3.7094 | 3.7094 | 3.3722 | 3.3722 | 2.2481 | 1.1241 | | | | | | | |

* For all dosage sizes, shares derived from Perkoff 1 matrices, except for 100 mg, derived from Barck 100 mg matrix.

# NY SETTLEMENT SHARES 25 MG

"SJ" represents that the corresponding company has been granted summary judgment in the NY Market Share proceeding. All shares are expressed as percentages.

| | 1959 | 1960 | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 | 1967 | 1968 | 1969 | 1970 | 1971 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HARTZ (FERNDALE) | 0.1721 | 0.3160 | 0.4377 | 0.3111 | 0.0888 | SJ | | | | | | | |
| IVES LABORATORY | SJ | SJ | SJ | SJ | SJ | | | | | | | | |
| KEY | 0.0678 | 0.1607 | 0.1956 | 0.1140 | 0.0535 | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| KIRKMAN | 0.0748 | 0.0724 | 0.0719 | 0.0587 | 0.0727 | 0.0351 | 0.0250 | 0.0222 | 0.0175 | 0.0121 | 0.0081 | 0.0082 | 0.0107 |
| KREMERS URBAN | 0.3122 | 0.3752 | 0.3914 | 0.2603 | 0.0727 | 0.0130 | | | | | | | |
| LANNETT | 0.0672 | 0.0699 | 0.0225 | 0.1112 | 0.1505 | 0.2004 | 0.2543 | 0.4277 | 0.4005 | 0.1986 | | | |
| LEDERLE | SJ | SJ | SJ | SJ | | | | | | | | | |
| LILLY | 23.2730 | 28.2838 | 31.6982 | 31.7605 | 29.2534 | 28.9453 | 27.5400 | 33.4141 | 36.1415 | 35.1788 | 33.5739 | 34.3265 | 43.4455 |
| LINCOLN | 0.1978 | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| MALLINCK-RODT | 0.9859 | 1.1406 | 1.0931 | 0.8738 | 0.5026 | 0.2042 | 0.0477 | | | | | | |
| MASSENGILL (SMITHKL) | 1.5290 | 1.6480 | 1.6531 | 1.3663 | 0.9980 | 0.3050 | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| MCNEIL | 0.0891 | SJ | SJ | SJ | SJ | SJ | | | | | | | |
| MERCK | 0.5933 | 0.6430 | 0.4232 | 0.2179 | 0.0406 | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| MEYER | 0.2610 | 0.2814 | 0.1223 | | | | | | | | | | |
| NAT'L DRUG | | | | | | | | | | | | | |
| NORWICH-EATON | | | | | | | | | | | | | |
| OTIS CLAPP | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| PERSON & COVEY | 0.7025 | 0.4352 | 0.3006 | 0.2111 | 0.1097 | | | | | | | | |
| PHYS'S DRUG & SUPPL | 0.8018 | 0.8018 | 0.7289 | 0.7289 | 0.4859 | 0.2430 | | | | | | | |
| PREMO | 0.8314 | 0.9258 | 0.9331 | 1.1117 | 1.3207 | 1.5074 | 0.9974 | 0.4774 | | | | | |
| REID PROVIDENT | SJ | SJ | SJ | SJ | SJ | | | | | | | | |
| REPUBLIC | 0.0166 | 0.0264 | 0.0127 | 0.0131 | SJ | | | | | | | | |
| REXALL | 0.7714 | 0.7595 | 0.6006 | 0.5626 | 0.4812 | 0.4756 | 0.4109 | 0.3776 | 0.2955 | 0.1925 | 0.1137 | 0.0456 | SJ |

* For all dosage sizes, shares derived from Perkloll 1 matrices, except for 100 mg, derived from Beck 100 mg matrix.

## NY SETTLEMENT SHARES 25 MG

"SJ" represents that the corresponding company has been granted summary judgment in the NY Market Share proceeding.
All shares are expressed as percentages.

| | 1959 | 1960 | 1961 | 1962 | 1963 | 1964 | 1965 | 1966 | 1967 | 1968 | 1969 | 1970 | 1971 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| RITE-AID | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| ROKER | 0.1319 | 0.1133 | 0.0734 | | | | | | | | | | |
| ROWELL | 0.3636 | 0.3950 | 0.2668 | 0.2792 | 0.1826 | 0.1336 | 0.1023 | 0.0680 | 0.0412 | | | | |
| SMITH, CARROLL, DUNN | 0.3328 | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| SMITH DORSEY (SANDO | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| SQUIBB | 0.6595 | 7.0066 | 7.6307 | 7.5925 | 6.8379 | 6.7075 | 6.0069 | 6.4449 | 5.8386 | 4.4366 | 3.3974 | 2.3314 | 1.6789 |
| STANLEY | 0.6233 | 0.6309 | 1.1835 | 1.7613 | 2.2461 | 2.2490 | 1.8156 | 2.1831 | 3.3719 | 3.8106 | 3.4096 | 2.1733 | 1.3506 |
| SUCCESS | 0.0594 | 0.0650 | 0.0769 | 0.0811 | 0.0822 | 0.0947 | 0.0583 | 0.0279 | SJ | SJ | SJ | SJ | SJ |
| TUTAG | 0.3365 | 0.3038 | 0.2851 | 0.3038 | 0.2987 | 0.2984 | 0.2629 | 0.2471 | SJ | SJ | SJ | SJ | SJ |
| UPJOHN | 0.6577 | 0.7006 | 0.5445 | 0.1887 | 0.0450 | SJ | SJ | SJ | 0.1869 | 0.1208 | 0.0744 | 0.0477 | 0.0179 |
| VITAFORE | 0.2042 | 0.2405 | 0.2354 | 0.3270 | 0.1173 | 0.1245 | 0.0960 | 0.1198 | 0.1105 | 0.1074 | 0.0893 | 0.0619 | 0.0405 |
| VITARINE | 0.1574 | 0.1524 | 0.1514 | 0.1236 | 0.1144 | 0.0797 | 0.0584 | 0.0512 | 0.0368 | 0.0255 | 0.0170 | 0.0114 | 0.0075 |
| V.C.A. | 0.7981 | 0.7981 | 0.7255 | 0.7255 | 0.7255 | 0.4836 | 0.2418 | SJ | SJ | SJ | SJ | SJ | SJ |
| WEBSTER | | | | | | | | | | | | | |
| WESTWARD | 0.4151 | 0.3970 | 0.4162 | 0.4749 | 0.4891 | 0.5222 | 0.6011 | 0.6146 | 0.6443 | 0.8950 | 0.7855 | 0.4564 | 0.2075 |
| WINTHROP (STERLING) | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| WYETH | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ | SJ |
| TOTAL | 66.5041 | 71.2115 | 69.5441 | 67.2453 | 60.4755 | 56.0739 | 48.7850 | 54.6319 | 56.5090 | 53.0455 | 49.6314 | 49.6092 | 59.9603 |
| UNALLOCATED | 33.4960 | 28.7885 | 30.4559 | 32.7547 | 39.5245 | 43.9261 | 51.2150 | 45.1681 | 43.4910 | 46.9545 | 50.3686 | 50.3908 | 40.0397 |

* For all dosage sizes, shares derived from Perloff 1 matrices, except for 100 mg, derived from Beck 100 mg matrix.