UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY<br><br>        Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>        Defendant. | CIVIL ACTION No. 05-CV-10241 (MLW) |

DEFENDANT ELI LILLY AND COMPANY'S
CONSENT MOTION FOR LEAVE TO FILE REPLY BRIEF

Defendant Eli Lilly and Company ("Lilly") moves this Court for leave to file a Reply in support of its Motion to Strike the Affidavit of Harold Sparr (Docket No. 45, Ex. 7). Lilly's Reply is filed concurrently herewith.

As grounds for this motion, Lilly states that the Reply is necessary to address arguments regarding Mr. Sparr's affidavit and product identification raised in Plaintiff's Opposition.[1] Lilly believes the Reply will be of assistance to the Court in resolving the issues raised by Lilly's Motion to Strike.

WHEREFORE, Lilly requests the Court grant this motion for leave to file the Reply brief filed concurrently herewith.

Respectfully submitted,

ELI LILLY AND COMPANY
By its attorneys,

---

[1] Because Plaintiffs relied on two separate affidavits from Mr. Sparr in their opposition to Lilly's motion for summary judgment (Docket No. 45 at Exs. 7, 11), Lilly has filed separate motions titled Motion to Strike the Affidavit of Harold Sparr (Docket No. 49) and Motion to Strike the Statement of Harold Sparr (Docket No. 48). The present Motion for Leave to File Reply Brief relates to the former motion.

B3294629.1

- 2 -

        /s/ Brian L. Henninger
        James J. Dillon (BBO # 124660)
        Brian L. Henninger (BBO # 657926)
        Foley Hoag LLP
        155 Seaport Boulevard
        World Trade Center West
        Boston, MA 02110-2600
        (617) 832-1000

Dated: December 19, 2006

### LOCAL RULE 7.1(A)(2) CONFERRAL CERTIFICATION

I, Ericka Harper Snyder, certify that on December 19, 2006, I conferred with Plaintiffs' counsel regarding Lilly's Motion for Leave to File a Reply Brief. Plaintiffs' counsel consented to the Motion.

        /s/ Ericka Harper Snyder

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIE DELANEY and<br>WILLIAM P. DELANEY<br><br>            Plaintiffs,<br><br>    v.<br><br>ELI LILLY AND COMPANY,<br><br>            Defendant. | CIVIL ACTION No. 05-CV-10241 (MLW) |

**ELI LILLY AND COMPANY'S [PROPOSED] REPLY BRIEF IN SUPPORT OF ITS MOTION TO STRIKE AFFIDAVIT OF HAROLD SPARR (Docket No. 45, Ex. 7)**

In their Opposition to Defendant Eli Lilly's Motion to Strike the Statement of Harold Sparr ("Plaintiffs' Opposition" at Docket No. 54),[1] Plaintiffs argue that the Court should observe Mr. Sparr on the witness stand in order to assess the competence and grounds of his "expert" opinions.  In doing so, Plaintiffs ignore their burdens under Fed. R. Civ. P. 56(e) to ensure that Mr. Sparr's testimony would constitute admissible evidence and under F.R.E. 702 to ensure that the proffered expert testimony is the product of reliable principles and methods.  Plaintiffs also ignore the fundamental flaws in Mr. Sparr's affidavit, including his reliance on speculation instead of data concerning the stocking and dispensing practices of pharmacies in Hingham, Massachusetts and the inherent contradiction with his prior deposition testimony.  Mr. Sparr's "expert" testimony does not rise the level of reliability and relevance required by Fed. R. Civ. P. 56(e) and F.R.E. 702, and therefore must be excluded.

---

[1] Lilly filed two separate motions to strike concerning Mr. Sparr because Plaintiffs relied on two separate affidavits from him in their opposition to Lilly's motion for summary judgment (Docket No. 45, Exs. 7 and 11).  The present motion addresses Mr. Sparr's affidavit at Docket No. 45, Ex. 7 concerning the DES market in Hingham, Massachusetts and the Red and Blue Books.

I.  **Mr. Sparr Is Not Competent To Opine On The Prevalence of Lilly's DES in The Hingham Area.**

Lilly's primary objection to Mr. Sparr's statement is that he has no basis to boldly assert that "the drugstores in Boston/Hingham stocked Lilly's DES exclusively." (Docket No. 45, Ex. 7 at ¶7) Indeed, contrary to his invitation for this Court to rely on his "practice, experience, and observations of the practice of pharmacy in Hingham in the 1960s and 1970s" (Docket No. 45, Ex. 7 at ¶8), at deposition Mr. Sparr admitted that (i) he has no personal knowledge of the stocking and dispensing practices of pharmacies in Hingham, Massachusetts, (ii) he has never visited or reviewed the purchasing or prescription records for any pharmacies in Hingham, (iii) he does not know which wholesalers, if any, were used by pharmacies in Hingham, and (iv) he does not know the name of the six pharmacies existing in Hingham in 1969-70. Transcript of Deposition of Harold Sparr ("Sparr Tr. II"), at 7, 27-32, 45-46, 73-75 (Docket No. 51, Ex. 1). The only information he identified about the stocking and dispensing practices of Hingham pharmacies was from a single hearsay conversation with two pharmacists in 1997 or 1998 who worked for an unspecified pharmacy.[2] Even those pharmacists purportedly told Mr. Sparr that they "*probably* stocked the Eli Lilly [brand]" and they refused to sign a statement indicating that their pharmacy exclusively stocked Lilly's DES. Sparr Tr. II at 29-30 (Docket No. 51, Ex. 1) (emphasis added). That information is utterly lacking with respect to the relevant pharmacy, time period or dosage at issue in this case, and therefore has no relevance to Plaintiffs' claims.

In light of Mr. Sparr's admissions, Plaintiffs seek to reframe the scope of his inquiry as follows: "What was the most popular brand of DES sold in the Boston area and its environments

---

[2] Confusingly, Plaintiff's Opposition claims that Mr. Sparr's statement was based on "five different sources and investigations, not merely his conversations with pharmacists" (Docket No. 54), although they failed to identify such sources and investigations. Instead, they cited to "Plaintiffs' Opposition to Motion for Summary Judgment pending." However, their opposition to Lilly's motion for summary judgment was filed on October 5, 2006 (Docket No. 42), prior to Mr. Sparr's deposition or the present motion to strike, and does not identify Mr. Sparr's sources of information concerning the pharmacies in Hingham.

(which includes Hingham) in 1970?" (Docket No. 54 at 1) First, that broad inquiry is irrelevant because Ms. Delaney's mother already identified the dispensing pharmacy at issue: Hingham Pharmacy). Plaintiffs cannot sustain their product identification burden by insisting that Lilly's DES was stocked or dispensed by *other* pharmacies. Second, neither Plaintiffs nor Mr. Sparr have defined "the Boston area and its environments (which includes Hingham)," much less justified how the stocking and dispensing practices of pharmacies in Boston or its suburbs relate to the stocking and dispensing practices of the only pharmacy at issue here: again, Hingham Pharmacy.

**II. Plaintiffs Do Not Address Mr. Sparr's Speculation That Lilly Alone Marketed A White Cross-Scored Pill in 1969-70 Or His Contradictory Testimony Concerning The Scope and Purpose of the Red and Blue Books.**

Plaintiffs' Opposition fails to address the second or third bases of Lilly's motion to strike: (1) that Mr. Sparr has no personal knowledge or basis on which to assert that Lilly was the only manufacturer of a white, cross-scored diethylstilbestrol pill during the relevant time period; and (2) that Mr. Sparr's assertion that only a few of the manufacturers listed in the Red and Blue Books were national pharmaceutical distributors whose products were available in Boston directly contradicts his sworn deposition testimony in prior DES litigation that that the Red and Blue Books listed drugs that were available for all pharmacists to purchase on a national basis, and that they "wouldn't list drugs that weren't available." *See* Transcript of Deposition of Harold Sparr in *Bohlin v. Eli Lilly and Company*, Civil Action No. 03-CV-11577 (MEL), at 101-03 (Docket No. 49, Ex. 1).

Without elucidation on either point, Plaintiffs simply responded that Mr. Sparr's testimony "is an integral part of Plaintiffs' proof and thus relevant and material even though in and of itself, it may not be sufficient to prove the questions… Mr. Sparr's Statement and deposition testimony are neither contradictory nor speculative when viewed in their totalies."

Again, however, Plaintiffs cannot ward off summary judgment by simply stating, ipse dixit, that contradictions and speculation do not exist.  In fact, Mr. Sparr's deposition makes clear that his affidavit is pure speculation since he has no actual knowledge or experience concerning pharmacy practices in Hingham, much less at the dispensing pharmacy.  Nor can Plaintiffs rely on Mr. Sparr's inherently dysfunctional and contradictory testimony to persuade the Court that it must observe him on the stand in order to assess his competence.  An expert's demeanor is not a substitute for substance and content, both of which are clearly lacking in Mr. Sparr's testimony.

## CONCLUSION

For the foregoing reasons, Lilly respectfully requests that the Court strike Mr. Sparr's statement (Docket No. 45, Ex. 7) from the record.  Lilly submits that Mr. Sparr's statement is incompetent for lack of personal knowledge, unreliable, and will not assist the Court in understanding the evidence relevant to this case, thus warranting its exclusion pursuant to F.R.E. 702 and Fed. R. Civ. P. 56(e).

                    Respectfully submitted,

                    ELI LILLY AND COMPANY
                    By its attorneys,

                    /s/ Brian L. Henninger
                    James J. Dillon (BBO # 124660)
                    Brian L. Henninger (BBO # 657926)
                    Foley Hoag LLP
                    155 Seaport Boulevard
                    World Trade Center West
                    Boston, MA 02110-2600
                    (617) 832-1000

Dated:  December 19, 2006