```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JULIE DELANEY,                        )
WILLIAM DELANEY,                      )
     Plaintiffs,                      )
                                      )
     v.                               )   C.A. No. 05-10241-MLW
                                      )
                                      )
ELI LILLY AND COMPANY,                )
     Defendant.                       )
```

ORDER

WOLF, D.J.

For the reasons stated in court on April 19, 2007, it is hereby ORDERED that:

1. Defendant's motions to Strike Statement of Philip Cafferty (Docket No. 47), Affidavit of Harold Sparr (Docket No. 49), and Report of Harold Sparr (Docket No. 48) are DENIED without prejudice to reconsideration on motions in limine.

2. Plaintiff's Motion to Strike the Deposition of George W. Price (Docket No. 57) is MOOT.

3. Defendant's Motion for Summary Judgment (Docket No. 40) is DENIED.

4. The parties shall confer and, by April 24, 2007, inform the court of whether they have reached an agreement to resolve their dispute regarding the affidavit of John J. Hefferren (Docket No. 65), and, if an agreement is not reached, submit supplemental briefing in light of Alves v. Mazda Motor of Am., Inc., 448 F. Supp. 2d 285 (D. Mass. 2006).

5. The parties shall confer and, by May 4, 2007, inform the court of whether they have reached an agreement to resolve this case.

6. If an agreement is not reached, the parties shall, by May 11, 2007, comply with the attached Pretrial Conference Order and file any motions in limine.

7. Responses to any motions in limine shall be filed on May 25, 2007.

8. A pre-trial conference will be held on June 1, 2007, at 2:30 p.m.

9. Trial will commence on August 6, 2007, at 9:00 a.m.

|  |  |
|---|---|
| _____<br>DATE | /s/ Mark L. Wolf_____<br>UNITED STATES DISTRICT JUDGE |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIE DELANEY et al

                Plaintiff

                  CIVIL ACTION

  V.

                  NO.   05-10241-MLW

ELI LILLY CO.

                Defendant

PROCEDURAL ORDER
RE: FINAL PRETRIAL CONFERENCE/TRIAL

Wolf,   D. J.

      The above-entitled action is scheduled for a final pre-trial conference on JUNE 1, 2007  at 2:30 p.m.  in Courtroom #10 on the 5th Floor.  Counsel shall be prepared to commence trial of this action on or after AUGUST 6, 2007 . Each party shall be represented at the pretrial conference by trial counsel.

      In order to secure the just, speedy and inexpensive determination of this action in accordance with the Civil Justice Reform Act of 1990 and Local Rule 16.5, the parties shall meet prior to this conference to accomplish the following:

    (1)    to discuss and negotiate settlement of the action;
    (2)    to draft and sign a stipulation as to all uncontested facts;
    (3)    to narrow the issues to be tried;
    (4)    to exhibit to all parties any and all photographs, documents, instruments and other objects any party intends to offer as exhibits at trial;
    (5)    to give notice to all parties of the names and addresses of witnesses a party intends to call at trial, including the names and qualifications of any expert witnesses.

      Counsel shall prepare and file, either jointly or separately, pretrial memoranda and/or trial documents which set forth the following:

    (1)    a concise summary of the evidence that will be offered by the plaintiff, defendant and other parties with respect to both liability and damages (including special damages, if any);
    (2)    a statement of facts established by the pleadings, by admissions or by stipulations. Counsel shall stipulate all facts not in genuine dispute;
    (3)    contested issues of fact;
    (4)    any jurisdictional questions;
    (5)    any question raised by pending motions;
    (6)    issues of law, including evidentiary questions, together with supporting authority;
    (7)    any requested amendments to the pleadings;
    (8)    any additional matters to aid in the disposition of the action;
    (9)    the probable length of trial and whether jury or nonjury;
    (10)    a list of the names and addresses of witnesses who will testify at trial and the purpose of the testimony, i.e., whether factual, medical, expert, etc.;
    (11)    a list of the proposed exhibits (photographs, documents, instruments, and all other objects) in order of their introduction to the Court.  Those exhibits to be introduced without objection shall be identified by a single sequence of numbers and those items to which a party reserves the right to object shall be identified by a single sequence of capital letters, regardless of which party is offering the exhibit.

This material shall be filed, in duplicate, no later than MAY 11, 2007. A party who intends to object to any proposed exhibit or witness shall give written notice to all parties setting forth the basis for the objection and file said notice, in duplicate, with the clerk on or before MAY 25, 2007. A party who intends to file any motion in limine shall do so no later than MAY 11, 2007. Any responses to a motion in limine shall be filed no later than MAY 25, 2007.

Five (5) business days prior to the date assigned for trial each party shall file in duplicate:

(A) In cases to be tried to a jury, a trial brief including:

    (1) any proposed questions for the voir dire examination of the jury;
    (2) requests for instructions to the jury with citation to supporting authority;
    (3) any proposed interrogatories or special verdict form.

(B) In nonjury cases, a trial brief including:

    (1) any proposed findings of fact and requested rulings of law.

If the trial materials required by this Order have been previously filed with the Court, please advise the Court in writing of the filing date and supplement trial documents, as necessary. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order and file a copy of the writing with the clerk.

Compliance with this Order is not excused, absent the actual filing of closing papers or the entry of a Settlement Order of Dismissal in a form prescribed by the Court.

PLEASE NOTE: The Court requires twenty-four hour notice of settlement. Any settlement on the eve of trial may result in the imposition of costs, including the costs associated with bringing in jurors unnecessarily.

By the Court,

April 19, 2007  
Date

/s/ Dennis O'Leary  
Deputy Clerk

Copies To:

(Pretrial.ord - 09/92)     [proco.]